CITY OF ST. LOUIS v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.

and

CITY OF ST. LOUIS v. MISSOURI PACIFIC RAILWAY COMPANY ET AL., Appellants.—50 S. W. (2d) 637.

Division One, May 27, 1932.*

---

*NOTE: Opinion filed at October Term, 1931, April 2, 1932; motion for rehearing filed; motion overruled at April Term, May 27, 1932.

500

*E. T. Miller, A. P. Stewart* and *C. H. Skinker, Jr.,* for appellant St. Louis-San Francisco Railway Company.

*Thomas J. Cole* and *Harry R. Stocker* for appellant Missouri Pacific Railroad Company.

*Julius T. Muench, G. Wm. Senn* and *J. B. Steiner* for respondent.

FERGUSON, C.—The city of St. Louis proposing to extend one of its streets, Hampton Avenue, across the right of way of the St. Louis-San Francisco Railway Company and the parallel and adjacent right of way of the Missouri Pacific Railroad Company in the city of St. Louis, sought to condemn an easement for such street across the rights of way and tracks of said companies. The condemnation proceeding was under the charter of the city of St. Louis. The petition seeks to condemn an easement, eighty feet in width, from east to west, particularly described, "in the land and right of way" of said railroads for the extension of Hampton Avenue across the railroad property. The petition does not allege that the place of crossing the railroad rights of way and tracks, as described therein, had been determined and authorized by the Public Service Commission as "the point of crossing" and that the particular land included within the lines of the proposed easement had been designated by the Public Service Commission as the point of crossing nor does the petition specify the manner of crossing and no plans, specifications or exhibits were attached to the petition or filed, at any time, specifying the manner in which it was intended to carry the street across the railroad rights of way and tracks, whether at, above or below grade. The excepting defendants, the two railroad companies, filed a joint motion asking the court to require plaintiff to make its petition more definite and certain in respect to the "nature of the proposed crossing . . . and if said crossing is by way of viaduct then to file" specifications therefor "to the end that these defendants may be fully and definitely informed as to the exact nature of said proposed public crossing and the nature and extent to which these defendants will be damaged thereby." The motion was overruled by the court. The commissioners, in their report, awarded each defendant railroad company $1 as compensation for the taking of the easement in its property and each thereupon duly filed exceptions thereto. The circuit court, upon a hearing, overruled the exceptions and thereafter approved the report of the commissioners and entered judgment thereon awarding compensation in the sum of $1 to each defendant railroad company. [Article 21, Charter of the City of St. Louis.] By stipulation the separate exceptions filed by defendant railroad companies were heard together in the circuit court and though separate appeals were taken appellants here make substantially the same assignments of error and as the same issues are involved in the two appeals and the same principles govern both they can be determined as one case.

Appellants say the petition "does not state facts sufficient to constitute a cause of action" against the defendant railroad companies.

■ Appellants did not demur to the petition and after their joint motion asking that plaintiff be required to make its petition more definite and certain was overruled went to trial upon the question of damages and thereby waived error of the court, if any, in overruling the motion. ■ Nevertheless appellants are not precluded here from challenging the sufficiency of the petition to state a cause of action as a "defendant at any time and in any court until the final end of the case has the right to object that plaintiff's petition does not state facts sufficient to constitute a cause of action" and can properly make such objection "for the first time in the appellate court." [McGrew v. Railway Co., 230 Mo. 496, 132 S. W. 1076; Hudson v. Cahoon, 193 Mo. 547, 91 S. W. 72; Sec. 774, R. S. 1929.]

The petition considered in the light of the statutes governing the crossing of a railroad by a street and the requirements of the charter of the city of St. Louis does not, we think, state a cause of action as to these appellants. Certain requirements of Section 5171, Revised Statutes 1929, apply to the extension of a street across railroad tracks. Said section is as follows:

"1. *No public road, highway or street shall hereafter be constructed across the track of any railroad corporation at grade,* nor shall the track of any railroad corporation be constructed across a public road, highway or street at grade, nor shall the track of any railroad corporation be constructed across the track of any other railroad or street railroad corporation at grade, nor shall the track of a street railroad corporation be constructed across the tracks of a railroad corporation at grade, *without having first secured the permission of the commission:* Provided, that this subsection shall not apply to the replacement of lawfully existing tracks. The commission shall have the right to refuse its permission or to grant it upon such terms and conditions as it may prescribe.

"2. *The commission shall have the exclusive power to determine and prescribe the manner, including the particular point of crossing, and the terms of installation, operation, maintenance, apportionment of expenses, use and protection of each crossing of one railroad by another railroad or street railroad, and of a street railroad by a railroad, and of each crossing of a public road or highway by a railroad or street railroad and of a street by a railroad or vice versa,* so far as applicable, and to alter or abolish any such crossing, and to require, where, in its judgment, it would be practicable, a separation of grades at any such crossing heretofore or hereafter established, and to prescribe the terms upon which such separation shall be made and the proportion in which the expense of the alteration or abolition of such crossings or the separation of such grades shall be divided between the railroad or street railroad corporations affected or between such corporations and the state, county, municipality or other public au-

thority in interest; *provided, however,* that in all cases of the state highways, not more than one-half of the cost of construction of any grade separation, overhead or underpass, authorized or ordered by the commission shall be apportioned to the State Highway Commission. (Italics ours.)

In furtherance of public safety the provisions of the foregoing sections impose limitations upon the city when, in the exercise of the power of eminent domain, it is proposed to extend a street across railroad tracks and deprives the city of the power or right to determine and designate either the manner or the "particular point of crossing." The Public Service Commission is given "exclusive power to determine and prescribe the manner, including the particular point of crossing, . . . of a street by a railroad or *vice versa.*"

The petition herein as it relates to appellants' property asks that the city be granted an easement in a strip of land, ·80 feet in width, particularly described, across the railroad tracks and property of appellants for street purposes. It does not allege that the place or point of crossing appellants' railroad tracks and rights of way, described in the petition, has been designated and determined by the Public Service Commission as "the particular point of crossing" of the proposed street over appellants' railroad tracks. As the city has "no authority to determine the place of the crossing of a railroad by a street that it proposes to . . . extend obviously it cannot" acquire and appropriate an easement for a street across appellants' tracks and rights of way "unless and until the *situs* thereof is determined by the tribunal invested with the power so to do. Such prior determination is, therefore, a condition precedent to the right to condemn. As it nowhere appears from the petition that the land therein described and in which it is sought to establish an easement "is at a place that has been determined upon and fixed by the Public Service Commission as the point of crossing of the railroad by the proposed street extension, the petition does not state a cause of action." [City of Kirksville v. Hines, 285 Mo. 233, 240, 225 S. W. 950, 951.] More than two years after the original petition was filed but before the hearing herein the city obtained an order from the Public Service Commission authorizing it "to commence the necessary proceeding in condemnation of the public highway eighty feet wide along the lines of the proposed Hampton Avenue in the city of St. Louis and crossing the right of way of the Missouri Pacific Railroad Company and the right of way of the St. Louis-San Francisco Railway Company, all as shown on plans submitted by the city in Exhibit 6." The exhibit referred to was one filed with the Public Service Commissioner. After this order was issued respondent filed an amended petition but did not state therein that such order had been made and that the crossing of appellants' railroad tracks by the proposed street, as described

in the petition, had been determined and fixed by the commission as the point of crossing. At the hearing respondent introduced the commission's order into evidence. The city was without authority to institute a condemnation proceeding against appellants' property at the time it commenced the suit and the petition, even after amendment, did not allege such authority. City of Kirksville v. Hines, supra, holds that such allegation is essential to the statement of a cause of action.

But the petition failed in another respect to state a cause of action. The city does not have the power to determine how the proposed street shall cross railroad tracks, whether at grade, by viaduct or below the tracks, for the foregoing Section, 5171 confers upon the Public Service Commission "the *exclusive power* to determine and prescribe the manner of crossing." The charter of the city of St. Louis (Sec. 1, Art. 21) providing for "the condemnation of . . . private property . . . or any easement or use therein for public use" requires that application be made to the circuit court "by petition setting forth the general nature of the public use for which the property is to be appropriated or damaged." The nature and manner of use of an easement sought across railroad tracks, i. e. whether the crossing by a street shall be at grade, by viaduct or under the tracks must first be determined by the Public Service Commission, such determination being, as is the determination by that tribunal of the point of crossing, a condition precedent to the right to condemn. Until the manner of crossing is determined the nature and extent of the use or servitude to which it may become necessary to subject appellants' property could not be ascertained or stated. The petition is silent as to the nature of the crossing and nowhere states that the manner of crossing has been determined and prescribed by the Public Service Commission and that the easement sought is necessary to effectuate such crossing in the manner prescribed. In this proceeding it is essential to the statement of a cause of action that the petition allege that the Public Service Commission has determined and prescribed the manner in which it is proposed to use the easement and also that the point of crossing, as described in the petition, has been determined by the commission, in order to properly state and describe the easement sought to be acquired and the nature and extent thereof.

The city should first invoke the jurisdiction of the Public Service Commission and obtain its order prescribing the manner and point of crossing which order at the same time would include, under the powers conferred upon the commission by Section 5171, the "terms of installation, operation, maintenance, apportionment of expenses, use and protection" of such crossing. The city then would be authorized to proceed in the condemnation of an easement across the railroad tracks and rights of way at the point fixed for use in the manner so determined upon. The manner of crossing determined upon by the

commission should be alleged in the petition and the type of crossing prescribed by the commission should be specified either in the petition or by exhibits attached thereto, as a part thereof, showing the plans for said crossing approved and adopted by the commission. Otherwise there would be no way to make an intelligent assessment of ''just compensation'' for the taking of appellants' private property for a public use. The petition herein seeking to subject appellants' property to a servitude of an undisclosed nature to be hereafter determined is so vague and indefinite that it fails to sufficiently set forth the nature of the public use for which appellants' property is to be appropriated and does not set out the information necessary and material to the ascertainment, by either commissioners or the court, of ''just compensation'' to appellants for the use of their property by plaintiff.

''Where a railroad right of way is appropriated for a street or other highway, the measure of compensation to the railroad Company is the diminution in value of the property for railroad uses.'' [20 C. J. 744.] While the Public Service Commission has exclusive jurisdiction, in connection with the determination of the manner of crossing, to apportion the structural costs and expenses of such crossing as it may prescribe, compensation to the railroad company for diminution in value of its property for railroad purposes resulting from the extension of the street across its tracks and right of way can be determined only in a condemnation proceeding. It is reasonable to conclude that the extent and degree of interference with the use of the property for railroad purposes would vary according to the type of crossing. For example, it appears in the evidence in this case that some of the tracks to be crossed are used as industrial tracks. It follows that a crossing at grade would interfere with the use of these tracks by the railroad for the purposes of storing, loading or unloading cars while plans for a viaduct, approved by the Public Service Commission, if that manner of crossing was prescribed by the Commission, might provide for an overhead crossing so constructed as not to interfere with the continued use of the railroad property for railroad purposes and thus warrant the allowance of nominal damages only for the easement taken. At the hearing counsel for the city stated to the court that it was plaintiff's theory of the case that under the petition, and for the purposes of the case, the proposed street should be considered as crossing the railroad tracks at grade. However throughout the evidence it was disclosed that the city proposed to ask the Public Service Commission, when it applied to that tribunal to determine and prescribe the manner of crossing, to order the crossing by viaduct. The petition cannot be considered as describing a crossing at grade for it does not, as we have already noted, state the intended manner of crossing. Further the first division of Sec-

tion 5171, supra, provides that "no public road, highway or street shall . . . be constructed across the track of any railroad at grade . . . without having first secured the permission of the Commission." To state a cause of action in a proceeding to condemn a right of way for a street at grade across railroad tracks the petition must allege that the Commission had determined upon and prescribed that manner for crossing at the point described and issued its order accordingly authorizing such crossing at grade. This petition contains no such allegation.

What we have said disposes of these appeals and it is unnecessary to discuss the other assignments of error made by appellants relating principally to the amount of the award of compensation made by the Commissioners and affirmed by the court.

The judgment as to each appellant is reversed. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.