STATE OF MISSOURI, Appellant, v. HARRISON C. ROGERS.—No. 38427.— 172 S. W. (2d) 940.

Division Two, July 6, 1943.

*Roy McKittrick,* Attorney General, *Flay E. Randle* and *Leo A. Politte,* Assistant Attorneys General, for appellant.

*McReynolds & Flanigan, Allen McReynolds* and *George E. Phelps* for respondent.

 TIPTON, J.—This is an action to recover state income tax allegedly due from respondent for the years 1931 and 1937. The trial court sustained respondent's demurrer to appellant's petition and the cause was dismissed by the court after the appellant refused to plead further.

The petition was in two counts. In substance, the first count states the Assessor, on May 31, 1938, assessed $30,113.57 as the income of the respondent for the year 1931; and on June 30, 1938, certified the results of such assessment to the County Clerk of Jasper County, who computed the tax on that amount in the sum of $531.66; and on August 30, 1938, the County Clerk certified the result of that computation to the County Collector.

The second count states that the Assessor on April 25, 1941, assessed $20,828.01 [941] as income of the respondent for the year 1937; that on the same date, the Assessor certified the result to the County Clerk of Jasper County, who computed the tax in the amount of $535.13; and on that date the County Clerk certified the result of such computation of tax to the County Collector.

 It is well established that the right of the taxing authority to levy a particular tax must be clearly authorized by statute [State ex rel. Central Surety Fire Corp. v. State Tax Commission, 348 Mo. 171, 153 S. W. (2d) 43], and that all such laws are to be strictly construed against such taxing authority. State ex rel. National Life Insurance Co. v. Hyde, 292 Mo. 342, 241 S. W. 396.

Article 21, Chapter 74, Revised Statutes of Missouri 1939, deals with income taxes, and only Section 11363 of that Article says how an income tax may be assessed where the taxpayer fails to make a return, or how to determine the proper tax when a taxpayer makes a return that is deficient.

The pertinent parts of that Section read:

"In case any taxpayer shall fail to make return as required by law, the state auditor shall have authority to estimate the amount of such taxpayer's income, from such sources as he may be able to obtain including the business, records and books of any taxpayer, which business, records and books, the auditor is hereby given the right to examine during the usual business hours at any time within three years after the return of such taxpayer is required by law to be filed, and shall certify the amount of income to be used as a basis for the tax to the proper assessor. . . . and the assessor shall thereupon make the assessment in accordance with such certificate including all penalties provided. At any time within three

years after any return shall have been filed the auditor shall have the right to examine, during the usual business hours, the business, records and books of any individual, corporation, joint stock company, joint stock association or partnership . . ., and to certify to the assessor any deficiency determined by the auditor, and not returned by the taxpayer; and thereupon the assessor shall make an additional assessment in accordance with such certificate of the auditor, including all penalties provided . . . ."

This section was first enacted in the year 1929, and will be found as Section 13123, page 420, the Laws of 1929, and is the same as Section 10132, Revised Statutes of 1929.

After the Auditor has certified the income of any taxpayer under this section, the County Assessor follows the procedure as outlined in Section 11357, R. S. Mo. 1939 (same as Section 10128, R. S. Mo. 1929), which is the procedure used if the taxpayer makes a correct tax return.

Under Section 11363, supra, before an additional income tax can be assessed against a taxpayer, or before an income tax can be assessed against a taxpayer who fails to file a tax return, it is first necessary for the Auditor to make an estimate of the taxpayer's income for the year to be assessed. Moreover, the Auditor must make the estimate and certify the same to the proper County Assessor within three years after the taxpayer's income tax return was due. Unless such a procedure is followed, the income tax assessment is void.

The three-year limitation on the Auditor is not in the nature of a statute of limitation. The limitation was on the Auditor's authority to go back and assess or re-assess beyond the three previous years. 61 C. J., p. 1585, par. 2335; State ex rel. Globe Steel Tubes Co. et al. v. Lyons et al., Wisconsin Tax Commission, 197 N. W. 578.

The case of State ex rel. Ford Motor Co. v. Gehner, City Assessor et al., 325 Mo. 24, 27 S. W. (2d) 1, l. c. 3, was an action involving an additional income tax for the year 1926. In 1929, an additional tax was assessed against relator claimed to be due for the year 1926. In that case, we said:

"A careful examination of article 19, chapter 119, R. S. 1919, relating to taxation of incomes and subsequent amendments applicable to the assessment and collection of taxes upon incomes earned in 1926, discloses no specific authority vested in any official to levy a tax upon additional income under the circumstances disclosed by this record. Nor do respondents attempt to point out any such statutory authority. The 1927 and 1929 amendments to article 19, chapter 119, have no bearing on the question before us, because said amendments could not apply to income earned in 1926.

"The General Assembly evidently felt that the law failed to make provision for the correction of mistakes like the one [942] before us. By Laws of 1929, sec. 13123, p. 420, it is provided that, at any time within three years after any income tax return has been filed, the state auditor may certify to the assessor any deficiency therein determined by him, and thereupon the assessor shall make an additional assessment in accordance with such certificate. That is practically what was undertaken to be done in this case by the auditor and respondent assessor in respect to the income earned over two years before the 1929 act was passed."

We hold that the County Assessor has no authority to assess an additional income tax or an income tax where the taxpayer failed to file a return unless the auditor's estimate is certified to him within three years after the income tax was due. As both counts of the petition show the assessment of the Assessor was made more than three years after the income tax was due, such assessment is void.

The appellant takes the position that the assessment upon which this action is based is in the nature of a judgment, and cannot be collaterally attacked. Appellant asserts that respondent's relief, if any, is governed by Section 11366, R. S. Mo. 1939 (10135, R. S. Mo. 1929). Briefly, this section provides that within forty-five days after assessment or additional assessment of income has been certified to the County Assessor, the taxpayer shall have the right to apply for abatement or correction of same to the county court of the county in which such assessment is made.

If the assessments in question contained errors or irregularities, the appellant's position would be correct. 61 C. J., p. 777, sec. 1005; State ex rel. Gracy, Collector, v. Bank of Neosho, 120 Mo. 161, 25 S. W. 372.

"However, the necessity for pursuing the statutory remedy does not exist where the assessment complained of is void and illegal, . . . ." 61 C. J., supra.

We have already held that the assessment as shown by appellant's petition is void. Such assessment is in the nature of a final judgment. It can be attacked collaterally at any stage of the proceedings to enforce it. "The question of jurisdiction of the subject matter may be raised at any stage of the proceedings, even by motion after judgment and for the first time in this court, and this question cannot be waived . . . ." United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S. W. (2d) 762, l. c. 765. See, also, Abernathy v. Mo. Pac. Ry. Co., 287 Mo. 30, 228 S. W. 486; City of St. Louis v. St. Louis-San Francisco Ry. Co., 330 Mo. 499, 50 S. W. (2d) 637.

The judgment of trial court should be affirmed. It is so ordered. All concur.