THE STATE *ex rel.* YOUNGER, *Prosecuting Attorney, Appellant,* v. STRATTON, *Judge, et al.*

In Banc, December 15, 1896.

1. **Constitution**: SPECIAL LAW. An act of the legislature providing for holding additional terms of circuit court at a designated place in the county is not objectionable as special legislation.

2. ———: ———. A general law is not rendered invalid as being special by the fact that notice of intention to apply for its enactment was published as required in cases of special laws and that in the preliminary steps taken by those seeking its enactment, it was treated as a special law.

3. ———: STATUTE: REPEALS BY IMPLICATION. A later statute will not repeal a former one by implication where the two laws are not irreconcilably inconsistent and can stand together.

*Appeal from Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Upton & Skinker* for appellant.

(1) Injunction is the proper remedy for the relief sought in this action, and the suit is properly brought at the relation of the prosecuting attorney. *State ex rel. v. Hughes,* 104 Mo. 459; 2 High on Injunctions, sec. 1327. (2) The act is void because it does not purport to enact anything, and it can not be ascertained where the recital ends and the act begins. (3) Under our constitution an act must be either general or special, and there is no authority for blending general and local

legislation in the same act. (4) A law providing for holding circuit court at any place is necessarily a general and not a special law [*State ex rel. v. Hughes*, 104 Mo. 459], but the act was passed as a local law "in pursuance of a notice published," etc., and the legislature based its authority not upon its constitutional right to enact a general law on the subject, but upon the notice to enact a local law. All of section 2, and many of the provisions of other sections of the act are local legislation. *State ex rel. v. Herrmann*, 75 Mo. 340. (5) Section two of said act is void because: *First*. It is special legislation and prescribes the powers and duties of certain specified officers in violation of section 53, article 4, of the constitution. *Second*. The duties prescribed are not germane to the duties of a circuit judge. He might be called upon to pass judicially upon his own acts. *Third*. Section 35, article 6, of constitution, provides that the county court shall transact all county business. *Fourth*. If the circuit judge can be authorized to transact county business and create an indebtedness against the county, then any state or county officers can be authorized to do so, and the constitutional provision limiting county expenditures to the revenue for that year would be nullified. (6) The act in question was repealed by the act fixing the times for holding court in the twenty-sixth judicial circuit, approved April 8, 1895. *State ex rel. v. Pearsy*, 44 Mo. 159.

*R. N. Bannister* and *S. A. Wight* for respondents.

(1) The act is not obnoxious to the objections, *first*, that it does not purport to enact anything, and, *second*, it can not be ascertained where the recital ends and the act begins. No authorities, either of law or of English analysis, are cited in support of these objec-

tions, and it is difficult to believe that appellant would be taken seriously upon them.    Such precedent as there was when the bill was framed, favored its form of statement.    The act establishing two terms of the Chariton county circuit court at Salisbury, in that county( Laws of 1893, pp. 145–147), is in form of enactment, identical with this. (2) Appellant's points 3, 4 and 6, being but repetitions in different forms, of the same objections, may be considered together.    *First.* The act in question is a general law and not a special law.    *State ex rel. v. Hughes*, 104 Mo. 457; *State v. Orrick*, 106 Mo. 111; *State ex rel. v. Yancy*, 123 Mo. 391.    *Second.* The fact that notice was given, as for a special or local law, and that it purports to have been passed in pursuance of such notice, does not in the least change or alter its distinctive character as a general law.    Authorities *supra*.    *Third.* Nor does the fact that section 2 of the act requires the judge of the circuit court to select a place for the holding of court at El Dorado Springs, make it a special or local law. This and other similar provisions of the act preparatory to holding court there are mere incidents.    They are simply means to an end, viz., the holding of two terms of the Cedar county circuit court, at the city of El Dorado Springs, in said county.    *Sheidley v. Lynch*, 95 Mo. 492; *Harper v. Jacobs*, 71 Mo. 296; Potter's Dwarris, p. 123; *State ex rel. v. Yancy*, 123 Mo. 391. *Fourth.*    The designation, ''The judge of the circuit court in Cedar county,'' etc., in the first line of section 2 of the act, may not happily express the idea intended, but when verbal criticism is exhausted all has been said against it.

GANTT, J.—The general assembly of Missouri by an act approved by the governor on the sixteenth day of March, 1895 (Laws 1895, p. 144), provided for

holding two terms of the circuit court of Cedar county at El Dorado Springs in said county, and for the selection of a court room by the circuit judge; also for keeping a copy of the records at said city.    Judge Stratton and the circuit clerk and sheriff of said county were preparing to provide for holding said courts when the prosecuting attorney of said county obtained a preliminary injunction restraining them from proceeding further.    Upon a final hearing in the circuit court of Henry county to which the action had been removed by change of venue, Judge Lay dissolved the injunction and from his judgment this appeal is prosecuted.

The bill is framed on the theory that the act providing for such additional terms is void for the following reasons:

*First.*  "Said act is a special act, introduced, passed both houses of the legislature and was approved by the governor as a special act and the subject-matter of the same is not the subject of special legislation."

*Second.*  "If said act ever had any validity it was repealed by a subsequent act approved April 8, 1895, and entitled 'An Act to repeal an act entitled "An Act to repeal section 54 of an act entitled 'an act to redistrict the state into judicial circuits, and fix the terms of court therein,' approved April 7, 1892, and to enact a new section in lieu thereof," approved March 31, 1893, and to enact a new section in lieu thereof.'"

*Third.*  "Said act is a special act and prescribes the powers and duties of officers contrary to section 52, article 4 of the constitution of Missouri.

*Fourth.*  "The substance of said act is not recited in the notice nor is the notice recited in the act 'according to its tenor.'"

*Fifth.*  "The bill was not read in each house of the legislature on three different days."

*Sixth.* "The bill originated in the house and was amended in the senate but the amendments were not printed by the house and concurred in by a majority of all members elected thereto taken by yeas and nays and the names of those voting recorded on the journal."

*Seventh.* "Said act amends an act entitled 'An act to repeal section 54 of an act entitled, "An act to redistrict the state into judicial circuits and to fix the terms of court therein." Approved April 7, 1892, and to enact a new section in lieu thereof.' Approved March 31, 1893, and the section amended is not set forth in full as required by section 34, article 4 of the constitution."

I. The first, third, and fourth objections to the act are based upon the supposition that it is a special, and not a general, law.

As the main purpose of the law is to provide for holding two additional terms of the circuit court it must be ruled that the act to that extent at least is not a special but is a general law. *State ex rel. v. Hughes,* 104 Mo. 459; *State v. Orrick,* 106 Mo. 111; *State ex rel. v. Field,* 119 Mo. 593; *State ex rel. v. Yancy,* 123 Mo. 391.

All objections to the sufficiency of the notice fall with the determination that the act is a general law. Neither does it affect the validity of the act that notice was given of the intention to apply for it or that the precedent steps indicated that those who sought its enactment supposed it would be a special law. The subject-matter of the act determines its character and not the steps resorted to in procuring its enactment.

The charge that there is no enacting clause is without merit. The purpose of the legislature is amply indicated by the language employed. It was decided in *State ex rel. v. Hughes,* 104 Mo., and followed

in *State ex rel. v. Field*, 119 Mo., *supra*, that the extra duty imposed upon the circuit judge did not render the act special or local and we adhere to those decisions.

II. The one remaining point calling for serious consideration is that notwithstanding the act was a valid law when passed nevertheless it was repealed by another general act passed April 8, 1895, providing for holding the circuit court in Cedar county. That act is found in the Session Acts of 1895, page 148, and is in these words:

"Courts, Circuit: Twenty-sixth Judicial Circuit.

"An Act to repeal an act entitled 'An act to repeal section 54 of an act entitled "an act to redistrict the state into judicial circuits, and fix the terms of court therein," approved April 7, 1892, and to enact a new section in lieu thereof,' approved March 31, 1893, and to enact a new section in lieu thereof.

"Section 1. Changing time of holding court in the Twenty-sixth judicial circuit.

"Be it enacted by the General Assembly of the state of Missouri, as follows:

"Section 1. The entire act entitled 'An act to repeal section 54 of an act entitled "an act to redistrict the state into judicial circuits, and to fix the terms of court therein," approved April 7, 1892, and to enact a new section in lieu thereof' approved March 31, 1893, is hereby repealed, and the following new section is thereby enacted in lieu thereof:

"Section 54. In the county of Barton, on the third Monday in January and the third Monday in August; in the county of Cedar, on the first Monday in March and the first Monday in October; in the county of Dade, on the fourth Monday in March and the fourth Monday in October; in the county of

Vernon, on the third Monday in April and the third Monday in November.''

The position of the learned counsel for the relator is that as the act last above set forth was enacted subsequently to the act assailed by this proceeding and designates when the circuit court shall be held in Cedar county and as it provides for only two terms in said county it is in direct conflict with the El Dorado act.

It will be observed that the act of April 8, 1895, by its terms only repeals the new section 54 enacted March 31, 1895, and there is no clause repealing all other acts providing for the holding of the circuit court in said county. No reference whatever is made to the act of March 16, 1895. If the latter act is repealed at all then the repeal is by implication. To have this effect the rule is well settled that the prior law is to be upheld if the two acts can subsist together. If they are not irreconcilably inconsistent both must stand. *Manker v. Faulhaber*, 94 Mo. 430; *State v. Walbridge*, 119 Mo. 383; *State ex rel. Keshlear v. Slover*, 134 Mo. 10.

Comparing the two acts it will be seen there is no conflict in the time when said courts shall hold its terms at Stockton and El Dorado Springs. The two acts were pending before the general assembly at the same time and appear in immediate juxtaposition in the session laws and it must be presumed that the legislature under the circumstances intended both should become valid laws. We find no such conflict as would justify this court in holding the act providing for the court at El Dorado was repealed by the later act of April 8, 1895.

Upon the wisdom or unwisdom of establishing two places for holding court in the county we are not empowered to act. The law may prove a great convenience to those living in the vicinity of the Springs

or it may result in most serious complications arising out of the provision requiring duplicate sets of the records of the court and the filing of liens, but it is not our function to anticipate or avert the same. It must be presumed that if such arise the lawmaking power will speedily correct them. The judgment of the circuit court of Henry county is affirmed. BRACE, C. J., BARCLAY, SHERWOOD, MACFARLANE, BURGESS, and ROBINSON, JJ., concur.