STATE OF MISSOURI at the relation and to the use of GEO. B. PECK COMPANY, a Corporation, Relator, v. DWIGHT H. BROWN, Secretary of State.—105 S. W. (2d) 909.

Court en Banc, June 5, 1937.

*Langworthy, Spencer, Terrell & Matz* for relator.

*Roy McKittrick,* Attorney General, and *Franklin E. Reagan,* Assistant Attorney General, for respondent.

TIPTON, J.—This is an original proceeding in mandamus to compel the respondent, Secretary of State, to accept and file a statement amending relator's articles of· association by extending its corporate existence perpetually.

The relator is a Missouri corporation, organized March 12, 1889, for a period of fifty years. Under 'Section 4556, Revised Statutes 1929, the fee due the State of Missouri for the extension of the corporate existence of relator is $475, in addition to the incidental filing fees for certificate. The relator tendered to the respondent the incidental filing fees but refused to tender or pay the fee provided for in Section 4556, supra, and for this reason the respondent refused to accept and file the amendment to articles of association for the relator. It is the relator's contention that under an act of the Legislature passed in the year 1931, Laws of Missouri 1931, page 297, a method was provided for extending its corporate existence, and as this section was silent in regard to the payment of any fees, the relator was entitled to have its corporate existence extended perpetually without the payment of fees provided for under Section 4556, supra.

The relator states the question for our determination as follows: "... do the provisions of Section 4556, Missouri Revised Statutes, 1929, apply to proceedings had in compliance with Laws of Missouri, 1931, page 297?" In other words, does the law of 1931 repeal Section 4556, supra?

This act, Laws of 1931, page 297, is as follows:

"AN ACT providing a method for any corporation organized or thereafter organized under the laws of this state to extend its corporate existence when the same is about to expire.

"SECTION 1. Method by which existence of corporation may be extended.

"*Be it enacted by the General Assembly of the State of Missouri, as follows*:

"Section 1. Method by which existence of corporation may be extended.—The corporate existence of any corporation, now organized or hereafter to be organized, that is about to expire by limitation, may be extended for such a period as a new corporation may incorporate for, by a vote of stockholders holding three-fourths in amount of the capital stock of said corporation at any meeting duly

and legally called for that purpose—thirty days notice of such meeting first having been given by publishing once a week in some newspaper in the town, city or county in which said corporation is located, the first insertion to be not less than thirty days, the last not less than one nor more than six days previous to the day on which such meeting shall be held; but if there be no newspaper published therein, then in some newspaper published in the nearest county, and by mailing to each stockholder a written or printed notice of such meeting at his or her last known address. The form of the amendment extending corporate existence shall be executed, acknowledged and sworn to in duplicate by the president of the meeting and attested by the secretary of said meeting and filed with the secretary of state as is required in case of other amendment. In case such amendment in duplicate is signed, acknowledged and sworn to by all the stockholders the notice of such meeting may be waived. Any corporation whose corporate existence is not about to expire, but whose corporate existence is limited may take advantage of this provision and have its corporate existence changed to any stated period or perpetual, provided that the corporate existence of any corporation taking advantage of this provision shall be extended from the time of filing the amendment in the office of the secretary of state.''

Thus we see there is nothing in the title or the act itself that directly repeals Section 4556, supra. If this section is not now in full force and effect, it is because it is repealed by implication. To show that the two sections are not repugnant, we quote Section 4556, supra.

''The powers enumerated in the preceding section shall vest in every corporation that shall hereafter be created or organized, and any corporation, including those heretofore organized and now in existence under any general or special law of this State, may accept the provisions of the general laws of this State relating to corporations, by filing with the secretary of state a certificate of such acceptance, signed by its president and secretary, duly authorized by its board of directors and approved by a vote of three-fourths of its stockholders, at any meeting duly and legally called for that purpose—notice of such meeting first having been given in manner and form as provided in Sections 4546 and 4547 of this article, or by three-fourths of the stockholders, in writing; and upon the filing of such certificate, the time of the existence of said corporation shall be extended for such period as was originally permissible to it, or as may be stated in its certificate of acceptance. But nothing herein contained shall extend or continue to any corporation organized or existing under a special law or charter any special privilege, immunity, franchises or exemptions not possessed by corporations organized under the general laws of this State; and any

corporation organized or existing under special law or charter shall, by accepting or availing itself of the provisions of this section, be deemed and held to thereby waive and surrender any and all such special privileges, immunities, franchises and exemptions, and it shall be subject to all the duties and obligations of corporations under the general laws of this State: *Provided further,* that the duration of such corporation shall not be continued as aforesaid, until such corporation shall pay into the state treasury fifty dollars for the first fifty thousand or less of the capital stock of the corporation, and a further sum of five dollars for every additional ten thousand dollars of its capital stock, as provided by law: *Provided,* that nothing in this section contained shall be construed to authorize the renewal, continuance or extension of the charter of any company engaged in the manufacture or sale of illuminating gas.''

■ ''Repeals by implication are not favored—in order for a latter statute to operate as a repeal by implication of an earlier one, there must be such manifest and total repugnance that the two cannot stand; where two acts are seemingly repugnant, they must, if possible, be so construed that the latter may not operate as a repeal of the earlier one by implication; if they are not irreconcilably inconsistent, both must stand. These principles of construction are well settled.'' [State ex rel. Boyd v. Rutledge, 321 Mo. 1090, 13 S. W. (2d) 1061, l. c. 1065. Also, see, State ex rel. Younger v. Stratton, 136 Mo. 423, 38 S. W. 83; State v. Taylor, 323 Mo. 15, 18 S. W. (2d) 474; State ex rel. Wells v. Walker, 326 Mo. 1233, 34 S. W. (2d) 124; State ex rel. R. Newton McDowell v. Smith, 334 Mo. 653, 67 S. W. (2d) 50; State ex rel. Karbe et al. v. Bader, 336 Mo. 259, 78 S. W. (2d) 835.]

We see no repugnancy between the Act of 1931 and Section 4556, supra, nor does the relator contend there is any; in fact, in its brief it admits that the two acts are very similar. We quote from its brief:

''It will be noted by comparing the provisions of the act quoted above (Act of 1931) with the provisions of Section 4556, Missouri Revised Statutes, 1929, relating to extension of corporate existence as those provisions have been interpreted in the case of State ex rel. Kinloch Telephone Company v. Roach, supra, that there is no substantial difference in their respective requirements for extension of corporate existence except that the 1931 Act makes no provision whatever for the payment of an incorporation tax or fee into the state treasury.''

The two acts deal with the same subject matter and ''they must, if possible, be construed so as to maintain the integrity of both.'' State ex rel. R. Newton McDowell v. Smith, supra.

■ In construing statutes *in pari materia,* ''endeavor should be made, by tracing the history of legislation on the subject, to ascer-

tain the uniform and consistent purpose of the Legislature or to discover how the policy of the Legislature with reference to the subject matter has been changed or modified from time to time. With this purpose in view therefore it is proper to consider, not only acts passed at the same session of the Legislature, but also acts passed at prior and subsequent sessions, and even those which have been repealed. So far as reasonably possible the statutes, although seemingly in conflict with each other, should be harmonized, and force and effect given to each, as it will not be presumed that the Legislature, in the enactment of a subsequent statute, intended to repeal an earlier one, unless it has done so in express terms, nor will it be presumed that the Legislature intended to leave on the statute books two contradictory enactments.'' [16 Cyc. 1147.] We approved the above excerpt in State ex rel. Columbia National Bank v. Davis, 314 Mo. 373, 284 S. W. 464.

''Prior to the adoption of the Constitution in 1865 corporations were organized only by special acts of the Legislature, and this led to 'ill-advised, incongruous and dissimilar charters.' [State ex inf. v. Lindell Ry. Co., 151 Mo. l. c. 170.]

''It was then written into the Constitution that corporations, except municipal, should hereafter be formed, if at all, only in pursuance of general laws, and in 1866 the General Assembly accordingly provided general laws therefor. The Constitution of 1875 extended the inhibition against the creation of corporations by special acts to municipal corporations. The manifest intention of those framing and adopting these constitutional provisions was to place the franchises and privileges of corporations on a basis of equality and uniformity and give to all for future operations a fair field with no favor. Legislative provisions calculated to bring specially formed corporations under the general laws were immediately enacted, so that in 1885, when the present section was enacted (that is, Section 4556, R. S. 1929) we were thoroughly committed to the idea and policy of equal rights and privileges in corporations.'' [State ex rel. Kinloch Telephone Company v. Roach, 269 Mo. 437, 442, 190 S. W. 862, l. c. 863.]

Thus we see one of the main objects the Legislature had in mind when it passed Section 4556 in the year 1885 was to put all corporations on an equal footing and to force corporations which were created under special acts of the Legislature to come under the general corporation laws of this State when such corporations wished to extend their corporate life.

The 1927 Legislature amended Section 4933, Revised Statutes 1929, so that corporations organized thereafter could have perpetual existence. Prior to that amendment, the maximum life of a corporation was fifty years. The question which naturally arose was: Can a corporation that was organized prior to the effective date of the

1927 act amend its charter so it can have perpetual existence? If this was permissible, it was by virtue of reading together Sections 4933 and 4556, supra.

Section 4556, supra, says: ". . . and upon the filing of such certificate the time of the existence of said corporation *shall be extended for such period as was permissible to it, or as may be stated in its certificate of acceptance.*" (Italics ours.) Certainly, there is nothing in the above-quoted portion of this section that would permit a corporation to amend its article of association so as to give it perpetual existence; and if we read this section together with Section 4933, supra, there is grave doubt that a corporation organized prior to 1927 could extend its corporate life perpetually by amendment. So, to put at rest such doubt, the Legislature passed the Act of 1931 which permitted corporations whose charters were about to expire to secure perpetual existence.

Relator is in error in contending that the Act of 1931 is an amendment of Section 4556; it is a new act and the two should be read together. We hold that a corporation organized for a period of years may amend its charter so as to give it perpetual existence upon the payment of the fee provided for in Section 4556, supra.

It follows that our peremptory writ should be denied and our alternative writ quashed. It is so ordered. All concur.