STATE OF MISSOURI at the relation of CENTRAL SURETY INSURANCE CORPORATION, Relator, v. THE STATE TAX COMMISSION, CLARENCE EVANS, LAURENCE BOOGHER and JESSE A. MITCHELL, as members thereof, FORREST SMITH, State Auditor, and WILSON BELL, State Treasurer, and their respective successors in such offices.

STATE OF MISSOURI at the relation of CENTRAL SURETY FIRE CORPORATION, Relator, v. THE STATE TAX COMMISSION, CLARENCE EVANS, LAURENCE BOOGHER and JESSE A. MITCHELL, as members thereof, FORREST SMITH, State Auditor, and WILSON BELL, State Treasurer, and their respective successors in such offices.—153 S. W. (2d) 43.

Court en Banc, June 30, 1941.

*Robert B. Caldwell, Blatchford Downing* and *McCune, Caldwell, Downing & Noble* for relators.

*Roy McKittrick*, Attorney General, and *Lawrence L. Bradley*, Assistant Attorney General, for respondents.

TIPTON, J.—This is a certiorari to review the record of the State Tax Commission in assessing a corporation franchise tax for the year 1940 against each relator, both having been organized under provisions of Article 6, Chapter 37, Revised Statutes of Missouri, 1939, and to review the certification by the State Tax Commission to the State Auditor, and the latter's certification to the State Treasurer of the amounts of such taxes. One of the relators is engaged in writing general casualty insurance and the other fire insurance. As the issues in each case are identical, the two cases have been consolidated.

The relators claim that by virtue of the exclusion clause contained in Section 5113, R. S. Mo. 1939, the Corporation Franchise Tax is not applicable to them. This section provides:

"For the taxable year 1929 and thereafter every corporation organized under the laws of this state shall, in addition to all other fees and taxes now required to be paid, pay an annual franchise tax to the state of Missouri . . ."

"Every corporation not organized under the laws of this state, and engaged in business in this state, shall pay an annual franchise tax to the state of Missouri. . . .

". . . *Provided*, that this law shall not apply to . . . insurance companies, which pay an annual tax on their gross premium receipts in this state. . . ."

Relators contend they are exempt from paying the annual franchise tax because they pay an annual tax on their gross premium receipts under the provisions of Section 6091, R. S. Mo. 1939, which reads:

"Every stock insurance company organized under the provisions of article 6, chapter 37 of the Revised Statutes of Missouri, 1939, shall annually pay a tax upon the direct premiums received during the preceding year, whether in cash or notes, in this state and on account of business done in this state at a rate of 2 per cent per annum in lieu of all other taxes except taxes on real estate, taxes on incomes and on franchises and license taxes: *Provided*, that said insurance companies shall be credited with canceled or returned premiums, actually paid during the year in this state."

It is well established that the right of the taxing authority to levy a particular tax must be clearly authorized by statute. [State

ex rel. Koeln v. Lesser, 237 Mo. 310, 141 S. W. 888; Leavell v. Blades, 237 Mo. 695, 141 S. W. 893; State ex rel. Ford Motor Company v. Gehner, 325 Mo. 24, 27 S. W. (2d) 1.] The only statute that levies a franchise tax is Section 5113, and it expressly exempts such a tax on insurance companies that pay a tax upon gross premium receipts. The relators are domestic corporations and are subject to and do pay a tax in accordance with the provisions of Section 6091. If the tax paid under the provisions of this section is a tax on gross premiums, which question we will later discuss, then the relators come within the exclusion clause of Section 5113, and are therefore not subject to the corporation franchise tax. This is so, even though Section 6091 does contain the clause, "in lieu of all other taxes except taxes on . . . franchises. . . ."

In the case of State ex rel. American Central Insurance Company v. Gehner, 315 Mo. 1126, 280 S. W. 416, the City of St. Louis attempted to assess a tax upon the paid-up capital stock of the relator in that case. Prior to the year 1911, under Section 11357, R. S. Mo. 1909, the shares of stock in insurance companies were assessed and taxed in the same manner as were the shares of stock in banks. In the year 1911, that section was repealed and a new section enacted which eliminated from taxation the ▆ shares of stock in insurance companies. Section 6386, R. S. Mo. 1919, provided for a state, county, municipal and school tax upon insurance companies. That section contained a provision "that nothing herein shall operate to exempt from such taxation the paid-up capital stock of such companies." It was upon this exemption that the city sought to sustain its assessment. We ruled against the city's contention and held that the exclusion clause in Section 6368 was no authority for the imposition of the capital stock tax, as no tax could be imposed except pursuant to an affirmative legislative enactment expressly imposing the tax, and the proviso quoted above could not have such effect. In passing on the question, we said, "*Non-exemption, however, does not carry with it the right of taxation in the absence of a statute authorizing the same.*" (Italics ours.) Construing Section 5113 and Section 6091 together, we conclude that relators are not subject to a franchise tax, if the tax imposed by Section 6091 is a tax upon the gross premium receipts.

▆ Respondents contend that "the tax imposed by Section 6091, supra, is not in fact a tax on gross premium receipts. That statute only imposes a tax on what remains of the premium receipts after deductions for canceled and returned premiums are made."

"It is the duty of courts in construing two or more statutes relating to the same subject, to read them together and harmonize them, if possible, and to give force and effect to each." [Little River Drainage District v. Lassater, 325 Mo. 493, 29 S. W. (2d) 716, l. c. 718.] And this applies not only to acts passed at the same session of the Legis-

lature, but also to acts passed at prior and subsequent sessions. [State ex rel. and to use of George B. Peck Co. v. Brown, Secretary of State, 340 Mo. 1189, 105 S. W. (2d) 909.]

Section 5113 exempts insurance companies that pay a tax on gross premium receipts. Section 6091 levies a two per cent tax upon the direct premiums received by domestic insurance companies, but credits such companies with canceled or returned premiums. These two sections deal with the subject of taxes on premiums. Does the fact that Section 6091 credits domestic insurance companies with canceled or returned premiums prevent the tax imposed from being a tax on the gross premiums received? We think not when we consider Section 6094 and Section 5968. The former levies a tax of two per cent upon the direct premiums received by foreign insurance companies doing business in this State, and credits fire and casualty insurance companies with canceled or returned premiums. The latter deals with mutual insurance companies, and it exempts from taxation premiums returned on canceled policies. When we construe these sections together we conclude that it was the Legislature's intent that gross premiums referred to in Section 5113 meant the premiums received during the year, with credit being allowed for canceled or returned premiums. Any other construction would be a presumption that the Legislature did a useless thing in granting the exemption in Section 5113 because there is no other statute that levies a tax upon the premiums received by insurance companies. In other words, there is no other statute to which the words "gross premiums" could be applied. [State v. Wipke, 345 Mo. 283, 133 S. W. (2d) 354.]

To sustain the franchise tax imposed upon these relators, respondents contend that the exclusion clause in Section 5113 is repealed by the following clause in Section 6091, which reads: ". . . in lieu of all other taxes except taxes on real estate, taxes on incomes and on *franchises* and license taxes: . . ." This section, as amended, was enacted by the 1939 Legislature. It is a later statute than Section 5113.

Respondents do not contend that the exclusion clause in Section 5113 was expressly repealed, but they contend that it was repealed by implication. They assert that Section 6091 discloses a legislative intent to make the statute the sole yard stick by which relators must determine their exemption from taxation. They say the statute uses the phrase "in lieu of all other taxes," and is thus broad enough to cover the whole subject relative to tax exemption, and it also establishes a uniform plan or rule for the exemption of these insurance companies from taxation. They then conclude that, "This being so, Section 6091 supercedes the exemption provision of Section 5113 and that part of the latter statute is no longer effective to grant any exemption to insurance companies."

To sustain their position, respondents relying upon the following cases: Schott v. Continental Auto Ins. Underwriters, 326 Mo. ██ 92, 31 S. W. (2d) 7; State ex rel. Crutcher v. Koeln, 332 Mo. 1229, 61 S. W. (2d) 750; Maret v. Hough (Mo. App.), 185 S. W. 544. These cases do hold that when the later act covers the whole subject of earlier acts and plainly shows it was intended to be a substitute for the earlier acts, and to cover the whole subject matter, even if the former acts are not in all respects repugnant to the new act, then the earlier act is repealed by implication.

We do not believe that respondent's contention in regard to Section 6091 comes within the above rule of law. This section imposes only one tax on one kind of corporation, namely, a premium tax on domestic insurance companies. It does not cover the whole subject of corporation franchise tax. That tax is imposed by Section 5113, and covers all corporations, both domestic and foreign. Section 6091 does not cover or purport to cover any part of the subject matter of franchise tax. Nor does it cover the subject of real estate, income, license and franchise taxes. These taxes were left to be dealt with as the Legislature had theretofore or might thereafter see fit to deal with them.

If the respondents are correct in their contention, then we would have the exemptions in the exclusion clause of this section determining that it was the legislative intent to levy a tax on real estate, incomes, franchises and licenses of domestic insurance companies. We have already stated that the right of the taxing authority to levy a particular tax must be clearly authorized by statute. We do not believe that the Legislature intended to repeal the exemptions in Section 5113 when it enacted Section 6091.

In other words, we do not believe that the Legislature intended to cover the whole field of insurance taxation by the exemption clause in Section 6091. That field would not be covered in such a negative manner. Taxation must be covered by positive legislative enactment on the subject.

As previously stated, Section 6094 levies a premium tax on foreign insurance companies doing business in this State, but that section exempts these companies from paying a franchise tax. There is nothing in these sections that would lead us to believe that the Legislature intended to enact a franchise tax on domestic insurance companies and not on foreign insurance companies. If the Legislature intended to put a franchise tax on domestic insurance companies, it would have amended Section 5113 at the time it amended Section 6091.

From what we have said it follows that respondents are without authority to assess the tax in question. The records of the respondents should be quashed. It is so ordered. All concur.