BANK OF CRESTWOOD,
Plaintiff-Appellant,

v.

STATE BANKING BOARD of the State of Missouri, and, Gravois Bank, a Missouri Banking Corporation, Defendants-Respondents.

Nos. 38037, 38579.

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 28, 1977.

Motions for Rehearing and/or Transfer Denied July 21, 1977.

Applications to Transfer Denied Sept. 12, 1977.

Fortis M. Lawder, Clayton, for plaintiff-appellant.

Irven L. Friedhoff, Jefferson City, for State Banking Board.

J. Anthony Dill, St. Louis, for Gravois Bank.

WEIER, Judge.

■ Two cases have been consolidated on appeal. Each case involves the same parties and turns upon the same facts. Upon application pursuant to § 362.107 RSMo. Supp. 1975, the Commissioner of Finance [1]

of Missouri had issued Gravois Bank a certificate of authority to operate and maintain a separate drive-in and walk-up banking facility on Gravois Road in St. Louis County. The Bank of Crestwood opposing the issuance of the certificate then filed an appeal with the State Banking Board. This appeal was dismissed by the board without a hearing. The Bank of Crestwood then filed a two-count petition in the circuit court seeking in Count I a judicial review of the decision of the board and in Count II, in the alternative, direct court review of the commissioner's decision. A motion to dismiss in the trial court was sustained. Soon after the notice of appeal had been filed in this proceeding from the action of the circuit court in dismissing the petition, the defendant Gravois Bank filed an application with the Commissioner of Finance to change the address of its facility authorized by the prior certificate from one address on Gravois to another within a few doors of the location which had been approved. This prior certificate was revoked and a new certificate of authority was issued by the commissioner authorizing Gravois Bank to maintain and operate the facility at the changed address. A like appeal was taken to the State Banking Board. This appeal was also dismissed and the Bank of Crestwood again filed a petition in two counts in the Circuit Court of St. Louis County seeking the same relief as in the first proceeding. Both petitions alleged the facts concerning the issuance of the certificates; the second petition alleged revocation of the first certificate; the petitions set forth the refusal of the State Banking Board to consider the appeals and both sought the same relief in the circuit court. Because of the revocation of the certificate in Cause 38037, the issues therein are moot. But because the issues raised in the first appeal are the same as those in No. 38579 and petitioner has preserved all the steps necessary to take

1. Although both parties refer to respondent William R. Kostman as "Commissioner of Finance," that office is now entitled "Director of Finance" under the Omnibus State Reorganization Act of 1974, RSMo. Supp. 1975, Appendix B, Section 4.8. Section 362.107 RSMo. Supp. 1975 speaks of the "Director of Finance" but

other older sections, namely § 362.040 and § 361.094 RSMo. 1969, speak of "the commissioner." Any reference in this opinion to the "Commissioner of Finance" shall also be referable to the same officer under the title of "Director of Finance."

its appeal in each case, our resolution of these issues although applicable to No. 38579 would be equally applicable to No. 38037 if the certificate issued by the commissioner in that case had not been revoked. Because of the proximity of the two locations, the evidence submitted in both proceedings would in all probability have a bearing on the validity of the last certificate issued.

■ The facts couched in the pleadings upon which the trial court made its decision to dismiss the petitions are here briefly stated. The Bank of Crestwood is a state banking corporation with its principal office and place of business in the City of Crestwood, St. Louis County, Missouri. The defendant Gravois Bank is also a state banking corporation with its principal office and place of business located at 8301 Gravois Road in an unincorporated area known as Affton, St. Louis County, Missouri. The certificate of authority was issued for a separate banking facility for the Gravois Bank and this facility is located approximately 1.6 miles from the principal office of the Bank of Crestwood. The Bank of Crestwood alleged that its primary banking and service area included the location of the new facility and as a result of its location near it, the Bank of Crestwood would be adversely affected, seriously injured and its legal rights, duties and privileges would be prejudiced by the granting of the certificate in the operation of the facility at this location. It was further alleged that the facility at this location would cause the Bank of Crestwood to lose existing and potential customers. Its banking business would be reduced and this in turn would affect Crestwood's profitability. It would also subject Crestwood, so it is alleged, to unfair and illegal competition. Although these issues are raised in the pleadings, they are not brought before us on this appeal because the State Banking Board determined that the provisions of § 362.107 RSMo. Supp. 1975, did not authorize or empower the board to determine by appeal the subject matter of the appeal and the proceeding was therefore dismissed. The Bank of Crestwood in the first count of its peti-

tions filed in the circuit court prayed for an order directing the banking board to take jurisdiction of the appeal from the granting of the certificate by the Commissioner of Finance. The motions to dismiss as to this count asserted that the banking board had no jurisdiction to entertain the appeal from the action of the commissioner or to hold a hearing upon the merits as to the issuance of the certificate. The motions to dismiss further sought to uphold the action of the State Banking Board in dismissing the appeal on the basis that the Bank of Crestwood was not a "person . . . aggrieved by a final decision in a contested case" required for judicial review by § 536.100 RSMo. 1969 (Rule 100.03). On appeal from the order of the trial court sustaining the dismissal as to Count I of the petitions, two issues present themselves for resolution: (1) whether § 362.107 RSMo. Supp. 1975 allow appeals to the banking board from decisions by the commissioner granting an application to operate and maintain a separate banking facility; (2) whether petitioner Bank of Crestwood has standing to contest the commissioner's decision before the board and in turn standing for judicial review. Both of these issues have been decided by the Missouri Court of Appeals, Kansas City District, in an opinion of that court handed down May 31, 1977, in a case entitled *Bank of Belton v. State Banking Board, State of Missouri,* 554 S.W.2d 451. In this case the court decided that § 362.-107(4) should be read: "[T]he action of the director in granting or denying any such application may be appealed from and be reviewed in the same manner as action by him pursuant to § 362.040 may be appealed from and reviewed." It was determined that other confusing phraseology should be disregarded. The court rejected the contention that only decisions of the commissioner refusing to grant applications, and not decisions granting them, may be reviewed by the State Banking Board. With respect to the issue of standing, the opinion held that a bank is aggrieved by a decision which allows a competitor facility to operate within its trade area and therefore has

522

standing to appeal the decision of the Commissioner of Finance to the State Banking Board. This is a decision of a division of this court, Art. V, §§ 1, 7, Const. of Mo., RSMo. Supp. 1975, and establishes an interpretation of the statutory law which in turn resolves the issues in the cases before us. It is well reasoned, based upon sound principles and precedent, and rules this appeal.

Count II of each petition sought alternative relief by way of declaratory judgment and injunction where an administrative officer has rendered a decision which is not subject to administrative review under §§ 536.150 and 527.010 RSMo. 1969 (Rules 100.08 and 87). Because this is a contested case and judicial review is available under Count I of the petitions, the alternative relief prayed for in Count II of the petitions is not available. *State ex rel. Walmar Investment Company v. Mueller*, 512 S.W.2d 180, 182, 183[1, 2] (Mo.App.1974).

The judgment of the circuit court is reversed as to Count I of the petitions in both cases and the causes remanded with instructions to remand to the State Banking Board for further proceedings on the merits.

KELLY, P. J., and GUNN, J., concur.