**FARMER'S BANK OF ANTONIA,**
**Appellant,**

v.

**William R. KOSTMAN, Commissioner**
**of Finance,**

**and**

**First Missouri Bank of Jefferson**
**County, Respondents,**

**John C. Ashcroft, Attorney General,**
**State of Missouri,**
**Intervenor-Respondent.**

**No. KCD 29514.**

Missouri Court of Appeals,
Kansas City District.

Jan. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 26, 1979.

Application to Transfer Denied
April 10, 1979.

Harold I. Elbert, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for appellant.

Irven L. Friedhoff, Jefferson City, for respondent, Kostman.

Hawkins, Brydon & Swearengen, P. C. by James C. Swearengen, Jefferson City, for respondent First Missouri Bank of Jefferson Co.

Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for intervenor-respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The plaintiff Farmer's Bank of Antonia brought an action against Kostman [Director of Finance][1] and the First Missouri Bank of Jefferson County[2] for declaratory judgment that the Director unlawfully issued certificate of authority to the First Missouri Bank to maintain a facility within the Town of Barnhart and to enjoin the First Missouri Bank from such an operation.

---

1. The defendant Kostman is designated in the proceedings as *Commissioner* of Finance. That office has since been redesignated *Director* of Finance by statute and our opinion adopts that official appellation.

2. The Attorney General moved to intervene in the proceedings but the suit went to judgment without determination of that motion by the court. On the appeal the Attorney General joins in the brief of respondents Director of Finance and First Missouri Bank of Jefferson County.

The defendants Director and First Missouri Bank moved, and the court granted, dismissal on the ground that the petition alleged no justiciable controversy for declaratory judgment and no aggrievement by the administrative decision to license the bank facility of any legal right, duty or privilege of the Farmer's Bank so that plaintiff was without status under § 536.150, RSMo 1969 of the Administrative Procedure and Review Act [Rule 100.08] for judicial review of the Director's order.

The certificate of authority issued by the Director under color of § 362.108, RSMo Supp.1976, on the application of the First Missouri Bank of Arnold, Jefferson County, Missouri, for license to maintain and operate a drive-in facility in the Town of Barnhart in Jefferson County to be located on Highway M, between Missouri Highway 61–67 and Interstate 55. The statute under which the certificate issued [§ 362.108] provides:

> [A]ny bank with its main banking house in a county of the second, third or fourth class may, with the approval of the director of finance, establish, maintain, and *operate one separate facility in that county in an* incorporated or unincorporated *town with a population of not more than one thousand five hundred and fifty which does not have banking services* and which is not more than fifteen miles from the main office of the bank. Loans may be made at any facility operated under the provisions of this section or under the provisions of section 362.107. [Emphasis added.]

The interest alleged by the petition for review of the administrative action is that Farmers Bank operates a bank facility at

Imperial in Jefferson County under an authority granted by the Director of Finance located on the west side of Interstate 55, a mile and one-half from the site of the proposed First Missouri Bank facility[3] on the east side of Interstate 55 in the Town of Barnhart also in Jefferson County, a town and area already sufficiently served by convenient bank facilities, and within such proximity to the Farmers Bank establishment as to adversely affect its business and profits.

The substantive contentions pleaded against the administrative decision allege irregular procedure in that the grant of certificate to the First Missouri Bank facility was without notice or hearing or opportunity for objection by other affected banks in the area and noncompliance with § 362.-108 in that the site of the proposed facility is not within any of the recorded plats of the Town of Barnhart, but that if within the bournes of Barnhart, the population of that town exceeds one thousand five hundred and fifty people, and so not entitled to the operation of § 362.108. The petition alleges that the order by the Director to grant license further infracts § 362.108 in that the Town of Barnhart, even if otherwise qualified by population, already has *banking services*—from the proximate Farmers Bank facility in Antonia.

■ The judgment of dismissal rests on the express premise that the status of competitor, merely, does not accord a bank judicial review of a Director of Finance grant of certificate to another bank to operate a facility because, cognately, such an administrative decision does not [within the terminology of § 536.150][4] determine any

---

**3.** The petition of Farmers Bank pleads also that on May 19, 1976, the very day § 362.108 (House Bill 1198) was signed by the Governor, First Missouri Bank of Jefferson County made application with the Director of Finance to establish the Barnhart facility. The face of the Certificate discloses that the authority for the facility issued on August 16, 1976, a scant three days after the effective date of the enactment.

**4.** The judgment assumes another premise, shared fully by the defendants Director of Finance and First Missouri Bank, but only alter-

natively by plaintiff Farmers Bank, that judicial review of the administrative grant of certificate for bank facility under § 362.108—by one sufficiently affected by such a determination—is by § 536.150, the method the Administrative Procedure and Review Act provides for a noncontested case:

> When any administrative officer or body . . . shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of

legal right, duty or privilege of the competitor. The kinship between status and interest is ineluctable: the question of status for access to the courts for judicial action or review of an administrative decision relates, not to the merits of the subject matter, but to a justiciable controversy—the authority of the court to entertain the action in the first instance. *State ex rel. Rouveyrol v. Donnelly*, 285 S.W.2d 669, 678[23] (Mo.banc 1956); *State ex rel. Schneider v. City of Town and Country*, 575 S.W.2d 904 (Mo. App.K.C.D. 29,932, 1978). The question of legal interest, rather, relates to the merits of the action—whether the concern sought to be protected by the party falls arguably within the zone of interest created by statute or other source of law. *Association of Data Processing Service Org., Inc. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Status to sue or to contest administrative action, nevertheless, is determined by an amalgam of factors, among them, the extent of interest of the party in the subject matter and the terms of the statute which creates the right or the method of review. *State ex rel. Rouveyrol*, supra, l.c. 676[15–17]; *Schneider v. City of Town and Country*, supra. Thus, whether the Farmers Bank petition pleads status for judicial review depends upon whether a competitor bank has an interest the law will protect against the administrative grant of license to another bank for a facility within the same trade area. The judgment of dismissal ruled the question adversely to the petition as a matter of law. That adjudication was reached, however, before *Bank of Belton v. State Banking Board*, 554 S.W.2d 451 (Mo.App.1977) and *Bank of Crestwood v. State Banking Board*, 554 S.W.2d 519 (Mo.App.1977) which hold [*Bank of Belton*, supra, l.c. 453[2]]:

> a license, and there is no other provision for judicial inquiry or review of such decision, such decision may be reviewed by suit for injunction, *certiorari*, mandamus, prohibition or other appropriate action . . . .

In other words, this position assumes that the Director grant of authority under § 362.108 is not entitled to administrative review as an antecedent to judicial review.

The economic interest [a competitor bank] seeks to protect against the administrative order which allows [another bank] facility in competition falls within the zone of interests protected by Article 5, § 22 of the Missouri Constitution . . . .

Also, *Bank of Crestwood*, supra, l.c. 521[2, 3].

The plaintiff Farmers Bank pleads an equivalent private right affected by the grant of the facility to competitor First Missouri Bank and so—contrary to the judgment—stands equally entitled for direct review to the courts under Article V, § 22 by the method of the Administrative Procedure and Review Act. The defendants Director and First Missouri Bank contend, nonetheless, that *Bank of Belton* and *Bank of Crestwood* do not govern because the grants of facility in those cases were under the authority of § 362.107 which, by terms, accords administrative review to the Banking Board from the decision of the Director, and thus come under the Administrative Procedure and Review Act provision for review of a contested case [§ 536.100] whereas § 362.108 describes a noncontested case. The defendants mean by that argument, variously, that the *aggrievement*[5] which accords status for judicial review of a contested case under § 536.100 imports much more than merely determination of a *legal right, duty or privilege* by administrative decision which describes the interests subject to review for a noncontested case under § 536.150.[6] The defendants mean also by that argument that a competitor bank is owed no "legal right, duty or privilege to be free of competition" and so § 536.150 does not encompass such a claim of injury.

**5.** Section 536.100 accords judicial review to "any person . . . *aggrieved* by a final decision in a contested case."

**6.** Section 536.150 accords judicial review where an agency decision not subject to administrative review determines the "legal rights, duties or privileges of any person."

As prelude, we iterate that the law accords status to a competitor bank for judicial review of an administrative grant of charter or facility to another bank within the trade area, not to protect monopoly, but to keep the system of banks within an equipoise of competition and regulation and so secure the public against the economic havoc of bank failure. *Central Bank of Clayton v. State Banking Board of Missouri*, 509 S.W.2d 175, 182[3] (Mo.App.1974); *Bank of Belton*, supra, l.c. 456[4]; *Bank of Crestwood*, supra, l.c. 521[2, 3]; *Bank Charter, Branching, Holding Company and Merger Laws: Competition Frustrated*, 71 Yale L.J. 502 (1962).

The basic contention of defendants Director and First Missouri Bank assumes the fallacy that the § 536.100 procedure for a contested case protects an inherently higher order of private right than does the § 536.150 procedure for a noncontested case—so that the accord of judicial review to a competitor bank by one statute which renders the grant of facility a contested case [§ 362.107] does not imply judicial review for a competitor bank where another statute renders that agency decision a noncontested case [§ 362.108].

The constitutional law of Missouri mandates that "[a]ll final decisions . . . of any administrative . . . body . . . which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law . . . ." Mo.Const. Art. V, § 22 (1945). The Administrative Procedure and Review Act supplements this organic law without distinction as to the private right affected but only as to the scope of review. *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 357[2–4] (Mo.banc 1958). Where a hearing is required by law the agency decision becomes a contested case and judicial review merely determines whether, at the least, the decision was on competent and substantial evidence on the whole record. *Wood v.*

*Wagner Electric Corporation*, 355 Mo. 670, 197 S.W.2d 647, 649 (banc 1946). Where a hearing is not required by law, the agency decision becomes noncontested and judicial review determines—post hoc—the facts and whether the decision was according to law. *State ex rel. Walmar Investment Company v. Mueller*, 512 S.W.2d 180, 182[1] (Mo.App. 1974). The entire scheme of the Administrative Procedure and Review Act for judicial review—whether of contested or noncontested case—subserves the command of Article V, § 22 of the Missouri Constitution that a final decision of an administrative body which affects a private right shall be subject to review by the courts. *In re St. Joseph Lead Company*, 352 S.W.2d 656, 659[3] (Mo.1962). And, in either case, whether contested or noncontested, the compass of the *private right* protected by the Administrative Procedure and Review Act is an affected *legal right, duty or privilege*.[7] Thus, a bank is as grievously affected by a grant of facility to a competitor within the same trade area by an administrative decision in a noncontested case as in a contested case, and in either event has status for judicial review under the Administrative Procedure and Review Act.

The defendant First Missouri Bank and intervenor Attorney General [but not the defendant Director] argue, however, that the contention of aggrievement by Farmers Bank is not yet in posture for judicial review for failure to exhaust administrative remedies, so that the cause must be dismissed for want of appellate jurisdiction over the subject matter. This argument assumes that § 362.108 describes a contested case governed by § 536.100 of the Administrative Procedure and Review Act, a procedure which accords judicial review upon two conditions: *aggrievement by a final administrative decision* and *exhaustion of the administrative remedies provided by law*. See: *Kostman v. Pine Lawn Bank*

---

7. A *contested case* means "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2). A *noncontested case* means an agency determination of the "legal rights, duties or privileges of any person" rendered without hearing before final decision. Section 536.150; *State ex rel. State Tax Commission v. Walsh*, 315 S.W.2d 830, 834[1] (Mo.banc 1958).

*and Trust Co.*, 540 S.W.2d 72, 75 (Mo.banc 1976). This argument assumes also that the § 362.108 procedure for bank facility must be read together with the provision for administrative appeal to the State Banking Board for an aggrievement by a decision of the Director for a bank facility under § 362.107 [*Bank of Belton*, supra, l.c. 456]— and that it is the failure of review to the State Banking Board which leaves the contention of Farmers Bank unready for judicial review.

 The terms of § 362.108 make no express mention of administrative review to an applicant or other person in interest from the grant or denial of a bank facility. The Director understands this as a discretion to act at will without duty to consider the interest of a competitor bank or to account for the decision to either an administrative or judicial review.[8] This premise contradicts the public policy of a *regulated* scheme for competition which girds the banking system, an end which requires that an application for bank facility under § 362.107 be considered according to the needs and welfare of the community, the financial strength of the parent bank, and whether other banks will be seriously injured by the competition. *Bank of Belton*, supra, l.c. 456[4], *Bank of Crestwood*, supra, l.c. 521[2, 3].

The provision for bank facility under § 362.108 subserves the same public policy as does § 362.107. Their purposes are not disparate, but congruent and cumulative.[9]

Their purposes, moreover, coincide with the provisions of law that the charter of new banks or relocations shall be only on determinations that the convenience and needs of the community warrant the bank presence, that business suffices for the solvency of the new bank or relocation and the solvency of existent banks in the area are not threatened [§§ 362.030, 362.040 and 362.-325], and that a party adversely affected by the decision of the Director shall have administrative review by the State Banking Board.

The decision of the Director to grant or deny a bank charter, relocation or facility [under § 362.107] is in each case, in the first instance, ex parte and only on complaint of an interested party does the administrative process provide for an adversarial presentation of evidence. In the case of dispute, the lawmakers have constituted the State Banking Board as the arbiter of the merits and as the conservator of the public interest, with the power to override the Director and bind him to that decision, subject only to judicial review. Section 361.095; *Marshfield Community Bank v. State Banking Board*, 496 S.W.2d 17, 21[2–4] (Mo.App. 1973); *Kostman v. Pine Lawn Bank and Trust Company*, supra, l.c. 77. The procedures for a facility under § 362.108, however, mention neither the ex parte *examination* antecedent to the grant or denial by the Director of a charter, relocation or facility under § 362.107,[10] nor the administrative

---

8. It is self-evident that an applicant will not seek review from a *grant* of facility. If, therefore, as the Director contends for § 362.108, a competitor bank has no status for administrative or judicial review of the decision to grant a facility to another bank within the affected area, the action of the Director would be beyond the reach of *any* review and become absolute despite erroneous, arbitrary, even willful, misdetermination of the statutory preconditions for grant of facility to a bank in a county of the second, third or fourth class: that the facility be in the same county as the bank, and within a town with a population of not more than one thousand five hundred and fifty, and within a town without other banking services, etc. The untrammeled authority the Director proposes under § 362.108, especially in view of the casu-

al ex parte nature of that determination, tends to corrupt practice.

9. Section 362.107 authorizes any bank, with the approval of the Director, to maintain not more than two facilities separate from the main banking house within the same city and county. Section 362.108 authorizes any bank with its main banking house in a county of the second, third or fourth class, with the approval of the Director, to maintain not more than one separate facility within a town of not more than 1550 population located not more than fifteen miles from the parent bank. These provisions, by their terms, are not exclusive but cumulative.

10. For whatever relevancy it may bear on the contentions of the parties, the plaintiff Farmers

appeal to the State Banking Board of the ex parte decision. It is the position of the Director that these lapses are expressions of legislative intention that the decision for a facility under § 362.108 are at will [a contention already dispelled], but if subject to judicial review, then from the final decision of the Director and not of the State Banking Board.

These banking laws, however, do not stand as disparate enactments, but in pari materia, and § 362.108 can no more be understood outside the matrix of the statutory procedures for the grant of charter, relocation, or facility under § 362.107 and final decision on those administrative actions by the State Banking Board, than § 362.107 can be understood on its own terms. *Bank of Belton*, supra, l.c. 455 et seq. In terms of legislative intent, we assume that at the enactment of a provision the lawmaker is aware of statutes previously enacted on the same subject matter and intends that they be construed together. A provision in one act omitted in another act on the same subject matter, when not inconsistent in purpose, will be applied under the subsequent enactment in a manner which maintains the integrity of both. *State ex rel. Peck Co. v. Brown*, 340 Mo. 1189, 105 S.W.2d 909, 911[3] (banc 1937); Sutherland, Statutory Construction, § 51.02 (4th ed. 1973). Thus, the consistent purpose intended by the lawmaker for enactments in pari materia is to be given effect, whether the statutes were adopted at the same or other legislative session. *State ex rel. Central Surety Ins. Corp. v. State Tax Commission*, 348 Mo. 171, 153 S.W.2d 43, 45[4] (1941).

It is the persistent and cogent theme of these banking laws that a new bank entry, whether by charter, relocation or facility shall serve the convenience and needs of the community [11]—and that this purpose is met preeminently by a sound system of regulated competition among banks. *Central Bank of Clayton v. State Banking Board*, supra, l.c. 182–184; *Suburban Bank of Kansas City v. Jackson County State Bank*, 330 S.W.2d 183, 187[3] (Mo. App.1959); *Bank of Belton*, supra, l.c. 456[4]. It is an equally compelling theme that when this, or any other, precondition to the exercise of Director authority to grant a certificate comes into dispute, the public interest requires that determination of the facts and policies which underlie an informed administrative decision be made finally by the State Banking Board on evidence and hearing.[12] Sections 361.092, 361.094.2 and 361.095.4; *Marshfield Community Bank v. State Banking Board*, supra, l.c. 24, 26; *Central Bank of Clayton v. State Banking Board*, supra, l.c. 181[1].

The terms of § 362.108 for a separate facility within a town of not more

Bank pleads [and we accept as true for the purpose of determination whether the petition dismissed by the trial court states a cause of action] that, contrary to the custom and procedure of the Director on an application for bank charter or facility under § 362.107, the Director made no request for information from banks in the area of the proposed First Missouri Bank facility, nor gave opportunity to oppose the grant.

11. The requirement that a proposed banking service shall be found by the Director to serve the convenience and needs of the community as a condition for authority to do the banking business applies also, among others, to an application of a bank to exercise the powers of a trust company [§ 362.115], to an application by a bank holding company to acquire another bank or holding company [§ 362.920] and, by clear implication to applications of a national bank to become a state bank [§ 362.235], to license a foreign corporation to do business in Missouri [§ 362.440] and that of a state bank to become a trust company [§ 362.117].

12. This repose of special confidence for these purposes in the State Banking Board is evident from the terms of § 361.097 which constitutes the Board from among bankers, lawyers and others from the community as guardians of the public interest at the final administrative level of decision [*Kostman v. Pine Lawn Bank and Trust Company*, supra, l.c. 76]; from § 361.093 which directs the Board to advise with the Director as to the administration of his office and the banking laws and to make recommendations to the general assembly as to changes in these laws; and from § 361.094 which provides for appeals to the Board from decisions of the Director and binds the Director—subject to judicial review—to the determinations of the Board.

than fifteen hundred and fifty population by a parent bank within a county of the second, third or fourth class do not provide expressly for an investigation and determination by the Director that the new entry will serve the convenience and needs of the community as do the terms of § 362.107.3 for a separate facility within the same city as the parent bank. Nor does § 362.108 expressly provide for administrative appeal to the Banking Board from an adverse decision of the Director as does § 362.107.4. For reasons given we conclude, nevertheless, that a consistent legislative concern for a healthy banking system and intention that the State Banking Board be final arbiter of the legislative policy at the agency level require that these statutes be given effect in pari materia to provide administrative review to the Board from a decision of the Director under § 362.108.[13] We are persuaded also that the statutes which constitute the Board a varied but expert body, an adviser to the legislature on the state of the banking laws and to the Director on the management of the office, legislatively assess that the Banking Board shall have the primary jurisdiction to adjudicate the issues of that office for an orderly development of the public policy confided to its keeping— and to facilitate judicial review under § 536.100 of the Administrative Procedure and Review Act by a record of the contest. See: *Marshfield Community Bank v. State Banking Board*, supra, l.c. 24 and 26; *Kostman v. Pine Lawn Bank and Trust Company*, supra, l.c. 76; K. C. Davis, Administrative Law Treatise, § 19.01 (1958).

▋ We conclude, therefore, that a competitor bank has status for judicial review of the grant of facility under § 362.108 to another bank within the same trade area. We conclude also that the action of the Director is not the final administrative decision but is subject to review by the State Banking Board on hearing, a remedy which must be exhausted antecedent to judicial review. The judicial review to one aggrieved from the final decision of the State Banking Board under § 362.108 comes, not under § 536.150 of the Administrative Procedure and Review Act [which by its terms excludes administrative decisions subject to administrative review], but under § 536.100 [which reviews a final decision in a contested case].

▋ The petition of the plaintiff Farmers Bank which alleges facts that the grant of certificate to defendant First Missouri Bank for a facility in Barnhart was unlawful for want of notice or opportunity for objection by the plaintiff, an affected bank within the same trade area of the proposed facility, that the site proposed for the facility was not within the Town of Barnhart, that the population of Barnhart in any event exceeds one thousand five hundred and fifty people and already has banking services, all plead a justiciable controversy under § 362.108 which the plaintiff Farmers Bank has status to assert.

▋ The sense of the petition of Farmers Bank is for judicial review of the decision of the Director under § 536.150 as for a noncontested case. The plaintiff maintains that posture on appeal. We have declared the legislative intention that § 362.108 be given effect in pari materia with § 362.107 and other related statutes of the Banking Act to accord administrative review of a decision of the Director to the State Banking Board on hearing—so that the eventual judicial review comes under § 536.100 as for a contested case. We do not hold the plaintiff to the strict remedy pleaded because

---

**13.** These sections, 362.108 and 362.107, are not entirely without express relations between them. The final sentence of § 362.108 provides: "Loans may be made at any facility operated under the provisions of this section or under the provisions of section 362.107." The authority granted by certificate under § 362.107 makes no provision for the *transaction* of loans, but only for *payment* of loans. The legislature, in effect, undertook to enlarge the authority for a facility issued under § 362.107 by enactment of § 362.108. Moreover, the provision of § 362.108 that the Director may approve a facility where the town of no more than fifteen hundred and fifty population *does not have banking services* can, and should, be understood to mean where the convenience and needs of the community for banking services has not been met according to the legislative standards which pervade these laws.

the existence and nature of the judicial review under § 362.108 were hitherto open questions of law. Rather, we treat the pleadings as a request to declare the status of a competitor bank for judicial review— by whatever appropriate procedure—of a decision of the Director to grant facility to another bank within the same trade area under § 362.108. *State ex rel. Walmar Investment Co. v. Mueller*, supra, l.c. 183[3]; *State ex rel. Bond v. Simmons*, 299 S.W.2d 540, 542[1, 2] (Mo.App.1957).

The judgment of dismissal is set aside and the cause is remanded to the circuit court with directions that the petition be reinstated and with further direction that the petition be remanded to the State Banking Board for administrative review of the decision of the Director.

All concur.