Honorable William Tackett Cole County Prosecuting Attorney 311 East High Street Jefferson City, MO 65101
Honorable H. Morley Swingle Cape Girardeau County Prosecuting Attorney 100 Court Street Jackson, MO 63755
Dear Messrs. Tackett and Swingle:
You have submitted a question to this office regarding the applicability of Article X, Section 12(a) of the Missouri Constitution to road and bridge taxes collected by first class counties. The question is: "Whether first class counties are required to distribute `not less than twenty-five percent' of county road and bridge taxes collected to incorporated cities located within that county for repair and improvement of existing city streets and bridges."
Article X, Section 12(a) provides in pertinent part:
 In addition to the rates authorized in section 11 for county purposes, the county court . . . may levy an additional tax, not exceeding fifty cents on each hundred dollars assessed valuation, all of such tax to be collected and turned in to the county treasury to be used for road and bridge purposes; provided that, before any such county may increase its tax levy for road and bridge purposes above thirty-five cents it must submit such increase to the qualified voters of that county at a general or special election and receive the approval of a majority of the voters voting on such increase. In addition to the above levy for road and bridge purposes, it shall be the duty of the county court, when so authorized by a majority of the qualified electors of any road district, general or special, voting thereon at an election held for such purpose, to make an additional levy of not to exceed thirty-five cents on the hundred dollars assessed valuation on all taxable real and tangible personal property within such district, to be collected in the same manner as state and county taxes, and placed to the credit of the road district authorizing such levy, such election to be called and held in the manner provided by law provided that the general assembly may require by law that the rates authorized herein may be reduced.
From the information you have submitted, both Cole and Cape Girardeau Counties collect the 35 cents but have not enacted the additional 15 cents tax available under that constitutional provision.
Section 137.555, RSMo 2000, is the enabling statute for the constitutional provision. Section 137.555 provides that the first 35 cents of the road and bridge tax shall be "collected and turned into the county treasury, where it shall be known and designated as `The Special Road and Bridge Fund' to be used for road and bridge purposes and for no other purpose whatever[.]"
There are also provisions applicable to taxes collected within special road districts. Four-fifths of such taxes collected within a special road district is to be credited to that special road district and paid to that district upon receipt of warrants from the district. Although these provisions are not directly related to the question you have posed, the effect of these provisions, when coupled with the analysis below, aids in addressing your question.
Section 137.556.1, RSMo 2000, provides:
 1. Notwithstanding the provisions of section 137.555, any county of the second class which now has or may hereafter have more than one hundred thousand inhabitants, and any county of the first class not having a charter form of government, shall expend not less than twenty-five percent of the moneys accruing to it from the county's special road and bridge tax levied upon property situated within the limits of any city, town or village within the county for the repair and improvement of existing roads, streets and bridges within the city, town or village from which such moneys accrued.
The issue raised by your inquiry is whether the reference in Section 137.556.1 to the "county's special road and bridge tax" is to the first 35 cents authorized in the Constitution or to the next 15 cents which must be adopted by a vote in an election. A review of the constitutional provision reveals that the word "special" does not appear before the phrase "road and bridge" within that provision.
The purpose of statutory construction is to ascertain and give effect to the intent of the legislature. State v. Withrow, 8 S.W.3d 75 (Mo.banc 1999). In construing a statute, words are to be given their plain and ordinary meaning. Budding v. SSM Healthcare Sys., 19 S.W.3d 678 (Mo.banc 2000). Statutes relating to the same subject are to be interpreted to be consistent with each other. State ex rel. Central Surety Ins. Corp. v.State Tax Comm'n, 153 S.W.2d 43 (Mo. 1941). In fact, courts take into consideration statutes involving similar or related subject matter when those statutes shed light on the meaning of the statute being construed.State v. Knapp, 843 S.W.2d 345 (Mo.banc 1992).
As stated above, there is no reference to the tax as a "special" tax in the constitutional provision; therefore, the answer to your inquiry turns on whether the use of the word "special" in Section 137.556 means "unusual," and, if it does, whether the "unusual" tax is that additional tax which can only be adopted by a vote of the people.
Section 137.556 is not the only provision that utilizes the word "special" before the phrase "road and bridge" in reference to these taxes. As shown above, Section 137.555 requires that the additional tax for roads and bridges be maintained in "The Special Road and Bridge Fund." We note that the first 35 cents is collected pursuant to the constitutional provision and is maintained in a fund designated as the "special" road and bridge fund. This fund is "special" because it is to be collected and used only for roads and bridges. It is "special" because it is beyond that which counties can tax for other county purposes.
"Special" is defined as "[r]elating to or designating a species, kind, individual, thing, or sort; designed for a particular purpose; confined to a particular purpose, object, person, or class. Unusual, extraordinary." Black's Law Dictionary 1397 (6th ed. 1990). In the statutory context, the road and bridge tax is "special" because it relates to a particular purpose, to wit, the building and maintenance of roads and bridges.
In Parkville Benefit Assessment Special Rd. Dist. v. Platte County,906 S.W.2d 766 (Mo.Ct.App. 1995), the court considered the statutory provisions dividing moneys collected pursuant to Article X, Section 12(a) between counties and special road districts. The court concluded that all the tax collected by the counties for roads and bridges are subject to the statutory provisions of Sections 137.555 and 137.556. SeeParkville at 769.
The decision in Parkville is helpful in understanding the effect of the statutory provisions. The court states:
 Though section 137.555 provides the authority to levy the special road and bridge tax, section 137.556.1 seeks to assure that funds collected from assessments on property within a city, town, or village are spent on the roads of that city, town, or village that the taxpayers are likely to utilize.
Parkville at 770.
Because there are roads and bridges within cities that are also within counties, it makes perfect sense that a percentage of the taxes raised in such cities be expended in such cities. The reference to the road and bridge tax as "special" is because it is designed for a particular purpose. Therefore, the provisions in Section 137.556 mandate that 25 percent of the moneys accruing in a city, town, or village must be expended for repair and improvement in that city, town, or village.
 CONCLUSION
First class counties not having a charter form of government must expend not less than 25 percent of the moneys deposited in the special road and bridge fund that accrue to that fund from cities, towns, and villages for the repair and improvement of existing roads, streets, and bridges within such cities, towns, or villages.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General