**Jefferson A. LIMA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–88–064–CR.

Court of Appeals of Texas,
Texarkana.

April 3, 1990.

Garland D. McInnis, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

Jefferson Lima appeals his conviction for bribery. In ten points of error, he alleges that the evidence is insufficient to support the conviction because the State failed to prove two essential elements of the offense as contained in the indictment and the jury charge, and that the trial court erred in admitting evidence that part of the bribe

money was used to purchase two automobiles one day after the bribe was paid. We find these contentions to be without merit and accordingly affirm the conviction.

The State's evidence showed that Lima entered into a contract with the City of Houston to do concrete work for the Department of Public Works Water Division. John Worthy was the city inspector responsible for overseeing the work. After making the contract, Worthy and Lima secured a loan of $10,000.00, payable to Worthy. The loan was later paid by Lima. Additionally, Lima paid for concrete to be poured at a church located on property owned by Worthy, and which Worthy pastored. An investigation into the daily reports signed by Lima and Worthy revealed the listing of addresses where no work was performed and misrepresentations of the amounts of concrete actually poured.

Lima was indicted for two counts of bribery, the indictment charging that he did:

[I]ntentionally and knowingly confer a benefit, namely, nine yards of concrete, on John P. Worthy, Sr., hereafter styled the recipient, while knowing the recipient was a public servant, namely, an Inspector III, for the City of Houston Public Works Department–Water Maintenance Division, and the said benefit was given as consideration for a violation of a duty owed to the City of Houston by the recipient, namely, to inspect and maintain records regarding concrete work done by the Defendant, a duty imposed by law upon the recipient under an ordinance passed by the City of Houston City Council awarding a contract to Jeff Lima D/B/A J.L. Construction Company, for the repair of sidewalks, driveways, curbs and street cuts throughout the city of Houston under Water Division Project No. 9654.

. . . .

. . . [I]ntentionally and knowingly confer a benefit, namely, ten thousand dollars, on John P. Worthy, Sr., hereafter styled the recipient, while knowing the recipient was a public servant, namely, an Inspector III, for the City of Houston Public Works Department–Water Mainte-

nance Division, and the said benefit was given as consideration for a violation of a duty owed to the City of Houston by the recipient, namely, to inspect and maintain records regarding concrete work done by the Defendant, a duty imposed by law upon the recipient under an ordinance passed by the City of Houston City Council awarding a contract to Jeff Lima D/B/A J.L. Construction Company, for the repair of sidewalks, driveways, curbs and street cuts throughout the City of Houston under Water Division Project No. 9654.

The test for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App. 1989). A person commits bribery if he "intentionally and knowingly offers, confers, or agrees to confer on another ... any benefit as consideration for a violation of a duty imposed by law on a public servant or party official." Tex.Penal Code Ann. § 36.02(a)(3) (Vernon 1989).

■ Lima contends that the evidence is insufficient because the State failed to prove the specific allegation in the indictment that Worthy was an Inspector III for the Houston Public Works Department. Although an allegation of the public servant's position is not required by statute, the State did plead it in this case. We find, moreover, that it was proved.

The State's allegation that Worthy was an Inspector III is supported by the following uncontroverted testimony of the police investigator:

Q. ... [H]ave you reviewed your records to determine whether or not Mr. John P. Worthy, Sr. was employed as an Inspector III for the City of Houston Public Works Department Water Maintenance Division?

A. Yes, I have.

Q. And what have you found, he was or was not?

A. That he was an Inspector III in the Water Maintenance Contract Inspection Section.

Lima also contends that the State failed to prove the specific allegation that Worthy owed a duty to the City of Houston to inspect and maintain records imposed by city ordinance. We disagree. The allegation was supported by the following evidence:

Q. ... [D]oes the inspector have a duty to the City of Houston as an employee to inspect and maintain records as to the performance of concrete work done by a contractor such as Mr. Lima?

A. Absolutely. He has to determine not only the quality, but by the quantity to make sure the contractor is paid adequately and fairly for the work he has done.

Q. And directing that question specifically to Mr. John P. Worthy, Sr. as it relates to the city ordinance, 85–1708, that is, the authorizing ordinance for that contract. Did Mr. Worthy have a duty to the City of Houston to adequately inspect and maintain records as to the work done by Mr. Lima?

A. I think he had that as a condition of his work. The reference to the ordinance I think is simply an ordinance creating that contract and authorizing the moneys to be paid for. But, certainly, as an absolute condition of what he was supposed to do. He was to assure that the contractor did his job according to specifications.

Q. My question is specifically directed toward the duty imposed by law, that law being that ordinance that gave contracts to this defendant to do work for the City of Houston that was overseen by Mr. Worthy, is it accurate to say under that umbrella he was expected to fulfill that duty to the City of Houston by properly inspecting and maintaining records regarding concrete work done by this defendant?

A. I think that was the essence of the contract between the city and the contractor.

The allegation is also supported by the following uncontroverted testimony of the police investigator.

Q. ... [I]s it your understanding following your investigation that Mr. Worthy acting as a Public Works inspector No. III for the City of Houston Public Works Department Water Maintenance Division owed the duty to the City of Houston to inspect and maintain records regarding concrete work done by this defendant?

A. Yes, sir, Worthy was the main man for the City or 9654.

Additionally, the State introduced the ordinance and contract as its Exhibit A. The ordinance provides that inspectors are required to see that all provisions of the contract and specifications are met.

■ Lima also asserts that the court erred in admitting evidence that Worthy made the down payment on two new automobiles the day after he received the proceeds of the joint loan.

The determination of relevancy is within the sound discretion of the trial court, and the decision will not be disturbed on appeal unless a clear abuse of discretion is shown. *Johnson v. State*, 698 S.W.2d 154 (Tex. Crim.App.1985). Evidence that Worthy made the payments was relevant in this case because the purchase occurred soon after he received the proceeds of the bribe, and because it refuted the defense contention that the funds were used for the construction of the church Worthy pastored. This evidence does not show an extraneous offense as contended by Lima. It does not show an offense at all, but only a relevant civil transaction.

The judgment of the trial court is affirmed.