Carol A. KNAPP, Plaintiff/Appellant,

v.

The JUNIOR COLLEGE DISTRICT OF ST. LOUIS COUNTY, MISSOURI, d/b/a St. Louis Community College At Meramec, Defendant/Respondent.

No. 64114.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 6, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Thomas M. Blumenthal, Love, Lacks & Paule, P.C., St. Louis, for plaintiff-appellant.

Kathi L. Chestnut, Evans & Dixon, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, a junior college student, appeals after the trial court dismissed Counts II and III of her three-count petition filed against the school she attended. Plaintiff does not appeal a previous order dismissing Count I. Count II pleaded a case pursuant to 42 U.S.C. § 1983, alleging defendant, St. Louis Community College at Meramec, deprived her of her constitutional right of freedom of speech and rights to due process of law under color of law. Count III alleged a claim under § 536.150 RSMo 1986, within The Administrative Procedure and Review Act, for review of a decision to suspend plaintiff for the remainder of the Fall 1992 semester.

We find the court erred by dismissing Count II as it relates to a First Amendment violation only. It was also error to dismiss Count III, which states a cause of action. We remand for further proceedings in accord with this opinion.

This case comes to us after the trial court dismissed the petition for failure to state a cause of action. In determining the sufficiency of a petition which has been successfully challenged by a motion to dismiss, we give the petition its broadest intendment, treat all facts alleged in the petition as true, construe all those allegations liberally and in plaintiff's favor, and then determine if there is any ground upon which plaintiff may be entitled to relief. *Detling v. Edelbrock,* 671 S.W.2d 265, 267 (Mo.1984), *State ex inf. Riederer v. Collins,* 799 S.W.2d 644, 647 (Mo. App.1990). Plaintiff's petition may be dismissed for failure to state a claim only if it appears plaintiff could not prove any set of facts which would entitle her to relief. *Y.G. and L.G. v. Jewish Hosp. of St. Louis,* 795 S.W.2d 488, 494 (Mo.App.1990). We must decide whether the alleged facts, construed

liberally, involve principles of substantive law and inform defendant of what plaintiff would attempt to prove at trial. *Matyska v. Stewart*, 801 S.W.2d 697, 699–700 (Mo.App.1991).

According to her petition, Carol A. Knapp attended St. Louis Community College at Meramec on a full-time basis in the fall of 1992. Plaintiff organized and presided over a student organization espousing one view on a highly controversial issue. Because of her views, she was systematically harassed by both students and college employees at the direction of college staff members. One such example occurred on October 6, 1992 when students and staff of the college "created an incident" during which plaintiff allegedly assaulted a college staff member. The staff member did in fact later bring assault charges against plaintiff.

After this incident, plaintiff contacted local media reporters to complain about the manner in which she had been treated by the college. After plaintiff contacted the media, and two weeks after the incident, the dean of student services notified plaintiff she was suspended for the remainder of the fall semester. At plaintiff's request, a hearing occurred on November 20, 1992, at which her suspension was reviewed.

The hearing took place at the college before a committee comprised of college faculty, administration, staff and students. The hearing was conducted according to rules and procedures set out in a college handbook. The handbook provides that hearings may be individually tailored in accord with the seriousness of the offense(s). However, they must comport with fundamental standards of procedural fairness and substantive justice. According to the rules, while the accused party may hire an attorney, neither party has a right to cross examine witnesses. The hearing may be private and closed to observers if requested in writing by the accused, or if the committee or hearing officer believes an audience may disrupt the proceedings or intimidate a witness.

At the hearing, plaintiff and her attorney were not allowed to cross examine or question witnesses who supported the charges brought against her. Therefore, she was denied the opportunity to test the direct testimony or demonstrate any bias or prejudice. However, "others" were allowed to do so. No witnesses were placed under oath. The college did not provide plaintiff, prior to the hearing, with copies of documents and statements provided to the hearing committee. Plaintiff was not allowed to have Steve Brady, the principal investigator for the college, attend the hearing. No one formally requested a closed hearing and the hearing was not ordered closed. However, plaintiff was not allowed to have members of the public attend the hearing.

On November 23, 1992, the committee notified plaintiff of its decision to deny her appeal. Plaintiff thereafter appealed its decision to the college president. He upheld the decision. Finally, plaintiff appealed to the college chancellor, who also upheld the suspension. Plaintiff has exhausted all her administrative remedies.

■ On February 12, 1993, plaintiff filed a three-count petition challenging defendant's actions. The trial court, *sua sponte*, dismissed Count I of the petition on March 11, 1993. Plaintiff does not appeal this dismissal. On May 7, 1993, the trial court, in a one-sentence order, sustained defendant's motion to dismiss Counts II and III. Defendant's motion contained broad, sweeping conclusions. None were supported by citation to legal authority. Because the trial court gave no explanation, we assume it dismissed the case for at least one of the grounds alleged in defendant's motion to dismiss. *State ex inf. Riederer v. Collins*, 799 S.W.2d 644, 647 (Mo. App.1990). We will affirm the dismissal if any of defendant's grounds are valid. *Id.*

■ The dismissal was not simply a non-appealable dismissal of the petition only, because defendant's motion to dismiss was based on the premise that plaintiff could not state a cause of action. *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530, 532 (Mo. App.1990). Therefore, we consider the dismissal a judgment on the merits and a final appealable order. *Id.* A final judgment is one that disposes of both all the parties and all the issues in a particular cause of action. *Turnbow v. Southern Railway Co.*, 768 S.W.2d 556, 558 (Mo. banc 1989).

In plaintiff's first of three points of error, she claims the trial court's dismissal of Count II of her petition was error because it stated a cause of action authorized by 42 U.S.C. § 1983. Section 1983 provides in pertinent part as follows:

Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... for redress.

The purpose of § 1983 is to deter or prevent persons with state authority from using that authority to deprive individuals of federally-guaranteed rights. Additionally, should such a deprivation occur, § 1983 provides a means whereby relief may be found to address the deprivation. *Wyatt v. Cole,* — U.S. —, —, 112 S.Ct. 1827, 1830, 118 L.Ed.2d 504 (1992). Both state and federal courts possess jurisdiction to hear 42 U.S.C. § 1983 cases. *Howlett v. Rose,* 496 U.S. 356, 358, 110 S.Ct. 2430, 2433, 110 L.Ed.2d 332 (1990).

Section 1983 should be used only to remedy violations of Constitutional guarantees and not simply errors of school officials. *Prebble v. Brodrick,* 535 F.2d 605, 617 (1976). The wisdom of discretionary acts of officials at tax-supported colleges or universities will not ordinarily be reviewed by the judiciary. These discretionary acts include the routine discipline of students, campus safety and order, fund allocation, educational policy and also time, place and manner restrictions on unofficial or extracurricular speeches and events. *Brooks v. Auburn University,* 296 F.Supp 188, 197 (1969), aff'd, 412 F.2d 1171 (1969).

The elements of a claim under § 1983 are as follows: 1) defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and 2) defendant was acting under the color of state law at the time of the conduct constituting the deprivation. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 149, 90 S.Ct. 1598, 1603, 26 L.Ed.2d 142 (1970).

We find plaintiff's petition sufficiently alleged the college deprived her of a Constitutional right. Plaintiff alleged her suspension constituted a "veiled reaction" to her involving the local media in the on-campus incident and her views. This, her petition alleges, was an attempt by the college to "stifle her rights to free speech" as guaranteed by the First Amendment. Plaintiff pleaded facts which, if true, support a finding of denial of a Constitutional right to free speech protected by § 1983.

Additionally, the Junior College District, within which St. Louis Community College at Meramec belongs, was created and exists according to Missouri statutes, Chapter 178 RSMo (1986). Therefore, the alleged Constitutional deprivations by the college were governmental acts done under color of law.

Defendant's motion to dismiss did not provide specific grounds. It did not state any deficiency with plaintiff's allegation she was deprived of her right to free speech. It cited no legal authority to support broad, conclusory, all-inclusive statements found throughout the motion. We also find no assistance in the trial court's one-sentence order granting the motion. In light of the generous standard by which we judge the sufficiency of plaintiff's petition, we find she successfully pleaded a First Amendment violation claim under 42 U.S.C. § 1983.

In Count II, plaintiff also alleged the college's actions deprived her of a property interest without due process of law. A contractual relationship exists between a university and its students. *Corso v. Creighton Univ.,* 731 F.2d 529, 531 (8th Cir.1984). Other courts have found this contractual relationship to be a Constitutionally protectable property interest. *Ewing v. Board of Regents of Univ. of Mich.,* 742 F.2d 913, 914–915 (6th Cir.1984); reversed on other grounds, 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985), *Goss v. Lopez,* 419 U.S. 565, 576 and 579, 95 S.Ct. 729, 737 and 738, 42 L.Ed.2d 725 (1975). In *Ewing,* the Supreme Court did not rule on the issue, but assumed a property right existed in deciding the case. *Ewing,* 474 U.S. at 223, 106 S.Ct. at 512.

The United States Supreme Court has yet to decide the appropriate standard of due process a college or university must provide to a student in a disciplinary proceeding which may result in suspension. However, it has discussed this subject in the context of public school systems. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). In *Goss*, the Supreme Court stated that to keep proper discipline and enforce standards of behavior at school, broad discretion is given to school district officials. 419 U.S. at 574, 95 S.Ct. at 736. Due process, in the context of student disciplinary proceedings, does not mean formal hearings, for this is too expensive and "destroys (the proceedings') effectiveness as part of the teaching process." *Id.* at 583, 95 S.Ct. at 741. Due process rights do not require counsel, cross-examination of witnesses, or an opportunity to call witnesses who could verify a student's version of the event in question. *Id.* The Supreme Court has cited the *Goss* decision quite extensively while evaluating the procedural requirements due a university student being dismissed for academic reasons. *See Board of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–90, 98 S.Ct. 948, 952–955, 55 L.Ed.2d 124 (1978).

Federal district and circuit courts have addressed the issue of procedural due process in the context of college or university disciplinary proceedings. The Fifth Circuit examined how much due process is required in the context of student expulsion for misconduct at a tax-supported college. *Dixon v. Alabama State Board of Education*, 294 F.2d 150 (5th Cir.1961). It held that the student should be given notice of the charges, the names of witnesses who will testify and the expected content of their testimony. *Id.* at 158–159. A hearing should be conducted at which the student must be given the opportunity to be heard, either through written or oral testimony. However, this hearing need not be a "full-dressed judicial hearing," and the student need not be given the right to cross examine opposition witnesses. *Id.* at 159.

A district court in Missouri has held that in cases of severe student discipline, three minimal procedural due process require-ments exist. *Scoggin v. Lincoln Univ.*, 291 F.Supp 161, 171 (W.D.Mo.1968). Those requirements are: (1) adequate written notice of the charge including the grounds and evidence on which the charge is based; (2) a hearing at which the student is given a fair opportunity to explain and tell his or her side of the story and to put on evidence; and, (3) substantial evidence must support the grounds for disciplinary action if such action is deemed appropriate. *Id.*

The Eighth Circuit held that "flexibility and elbow room are to be preferred over specificity." *Esteban v. Central Missouri State College*, 415 F.2d 1077, 1089–90 (8th Cir.1969); *cert. denied*, 398 U.S. 965, 90 S.Ct. 2169, 26 L.Ed.2d 548. (1970). Procedural due process, in the context of college disciplinary proceedings, requires: (1) adequate notice; (2) a definite charge; and, (3) a hearing where the student can present his or her side of the situation. *Id.* While this hearing should include all the "necessary protective measures," it need not rise to the level of a criminal trial. *Id.* at 1089–90. The test should be one of reasonableness, and courts should be involved only when the Constitution has clearly been infringed. *Id.* at 1090.

■ We find while procedural due process is required in the context of college disciplinary proceedings, it is not identically defined as in the context of criminal proceedings. To attach to a college disciplinary proceeding all of the requirements of a criminal trial would be unduly expensive, burdensome, and time consuming. It would be impractical and probably unworkable. At criminal trials, liberty interests are at stake, and defendants may be fined and imprisoned for long periods of time. Such defendants must be protected by strict procedures to protect Constitutionally-guaranteed rights. Due process in college disciplinary proceedings, at which the most extreme penalty would be expulsion from school, the denial of a property interest, is not infringed by the absence of the same protections required in criminal trials.

■ Plaintiff alleged deficiencies at the hearing, including: witnesses were not placed under oath, she was not allowed to cross examine witnesses, she was not allowed to have members of the public present at the

hearing, she was not given copies of statements and documents prior to the hearing, and she was not allowed to compel the testimony of a man who investigated the incident. These alleged deficiencies alone do not constitute a due process violation. Plaintiff did not allege that she was denied the opportunity to testify on her own behalf, the college failed to give her notice of the charges brought against her, or the college failed to provide her with the names of witnesses expected to testify for the college. Additionally, plaintiff did not allege she was denied representation of counsel at the hearing, and she was in fact represented. We find plaintiff does not allege a cause of action for denial of a right to due process. Count II, only as it relates to a due process violation, was properly dismissed. Count II sufficiently stated a cause of action only for denial of a right to free speech.

Plaintiff's two remaining points on appeal can be discussed together. In Point II, plaintiff argues Art. V, § 18 of the Missouri Constitution mandates trial court review of her suspension. The particular sentence to which plaintiff refers provides as follows:

All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law.

When the college chancellor upheld plaintiff's suspension, plaintiff had exhausted her administrative remedies. She, therefore, appeals from a final decision of the college. The Junior College District, of which defendant college is a part, was created by Chapter 178, RSMo (1986) and, therefore, exists under Missouri law. The decision after the quasi-judicial hearing, affirmed by the chancellor, affected plaintiff's contractual relationship with the college. *See Corso v. Creighton University,* 731 F.2d at 531. Plaintiff argues § 536.150 RSMo 1986 of The Administrative Procedure and Review Act provides for the required review. Therefore, she argues her petition is authorized by both Art. V, § 18 of the Missouri Constitution and § 536.150 of The Administrative Procedure and Review Act.

Where a hearing is mandated by law, an administrative or agency decision is termed a contested case under Chapter 536. For a contested case, judicial review must determine if the decision rested on competent and substantial evidence based on the entire record. *Farmer's Bank of Antonia v. Kostman,* 577 S.W.2d 915, 921 (Mo.App. 1979). An administrative or agency decision is considered noncontested if a hearing is not mandated by law. Judicial review of noncontested cases determines, post hoc, both the facts and if the decision was according to valid legal principles. *Id.* In both contested and noncontested cases, The Administrative Procedure and Review Act protects individuals' legal rights, duties or privileges. *Id.* There is no legal mandate the junior college hold a formal hearing.

In Count III, plaintiff alleges as a cause of action ·under § 536.150 RSMo 1986 for review of a noncontested type administrative decision. In pertinent part, the statute states:

When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, ... and there is no other provision for judicial inquiry into or review of such a decision, such decision may be reviewed by suit for injunction, ... or other appropriate action ... and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unreasonable, arbitrary, or capricious or involves an abuse of discretion.

Defendant college points out in its brief that this section of The Administrative Procedure and Review Act has never been applied to school disciplinary proceedings. It further points to numerous policy reasons why it should not be so applied. Additionally, it argues that it is not even an agency within the definition found in the Act.

Many courts have held that school districts are agencies within the meaning of the Act; and, thus, decisions of school boards concerning employee contracts may be reviewed pursuant to Chapter 536. *Kish v. Chilhowee R–IV School Dist.,* 814 S.W.2d 649, 651–52 (Mo.App.1991). Additionally, only if there is clear and convincing proof the legislature intended to restrict access to judicial review, should review be denied. *Smith v. Missouri State Bd. of Probation & Parole,* 743 S.W.2d 123, 125 (Mo.App.1988), *See Grasso v. United States,* 535 F.Supp. 309, 312 (E.D.Mo.1982), aff'd, 716 F.2d 907 (8th Cir. 1983). The court in *Smith* found such clear and convincing proof the legislature did not intend the Act (Chapter 536) to provide circuit court jurisdiction to review parole board decisions, because judicial review was specifically precluded in the regulatory statute. *Id.*

We find no basis to conclude the legislature intended to restrict access to judicial review for college disciplinary proceedings. The decision to suspend plaintiff falls squarely within the language of § 536.150. Plaintiff is thus entitled to judicial review of her suspension and subsequent hearing.

The mootness argument of the college is without merit. The college argued since plaintiff filed her petition after the period of suspension had expired, any related claims were moot. In Count II and Count III, plaintiff prayed, inter alia, for an order expunging her college record of all evidence concerning the suspension, money damages, attorneys' fees and costs, and an injunction enjoining the college from further interference with students' First Amendment rights. Her requests for relief constitute a continuing valid justiciable controversy. Her request for an injunction reversing the suspension was moot because she sued after the suspension period expired, but reference to the suspension remains on her record.

We find it was error to dismiss Count II as it relates to a First Amendment violation under 42 U.S.C. § 1983 and Count III, a request for review and injunction pursuant to § 536.150 of The Administrative Procedure and Review Act. Accordingly, we remand for further proceedings.

SIMON, P.J., and PUDLOWSKI, J., concur.