**Joan SHAPIRO, Appellant,**

v.

**William BUTTERFIELD,**

**and**

**National Association of Social Workers, Respondents.**

No. 68395.

Missouri Court of Appeals, Eastern District, Division Three.

May 7, 1996.

Steven W. Garrett, Kristin F. Whittle, St. Louis, for appellant.

Peter H. Ruger, Teri B. Goldman, St. Louis, for William Butterfield.

Robbye Hill Toft, St. Louis, for National Assoc. Soc. Wkrs.

RHODES RUSSELL, Judge.

Joan Shapiro appeals from an order of the trial court dismissing her petition against William Butterfield and the National Association of Social Workers ("NASW"). We affirm.

Shapiro was a graduate student enrolled in Washington University's George Warren Brown School of Social Work between September of 1986 and December of 1988. In the fall of 1987 Shapiro began a psychotherapy practicum for school credit at the Women's Self–Help Center ("Center"). That internship ended on April 15, 1988, but Shapiro continued to volunteer her time through June 29, 1988. In May of 1988, Shapiro advised the Center that she would be leaving and was told that she would have to transfer her patients to other counselors. Shapiro transferred fourteen patients without complaint, but was apprehensive about transferring one patient whom she felt was suicidal. After a supervisor insisted on the transfer, Shapiro claims that she contacted four mental health professionals all of whom suggested that she advise the patient of all options, including continued treatment from Shapiro. The patient elected to continue care from Shapiro, who had not yet graduated from Washington University.

On or about July 20, 1988, Patti Zeitlin, Shapiro's supervisor at the Center, filed a complaint with the school's dean claiming that Shapiro's actions were unethical. In August or September of 1988, Shapiro met with William Butterfield, her advisor at Washington University, and discussed the situation. Shapiro's petition alleges that

Butterfield thereafter referred Zeitlin's complaint to the administration. The University, however, declined to pursue the matter, apparently because it involved Shapiro's volunteer activities.

On December 5, 1988, Zeitlin filed a thirteen count complaint with the NASW alleging that Shapiro, as a student member, acted unethically. A hearing was held on May 8, 1989, in which Butterfield, Shapiro's faculty advisor, testified. On June 29, 1989, the NASW found that Shapiro had acted unethically and issued a private letter of censure.

On May 3, 1994, Shapiro filed a three count petition against Butterfield and the NASW. Count I alleged that Butterfield had breached a fiduciary duty towards Shapiro, Count II alleged Butterfield breached a contractual duty, and Count III alleged that the NASW had breached its contractual duties with her by failing to follow its own procedures.

Both defendants filed motions to dismiss for failure to state a claim. After a hearing, the court gave Shapiro thirty days to amend the petition and set forth in detail which NASW provisions were violated. Shapiro filed an amended petition and both defendants again filed motions to dismiss. The motions were sustained and the petition was dismissed with prejudice. This appeal follows.

In determining the sufficiency of a petition which has been successfully challenged by a motion to dismiss, this court gives the petition its broadest intendment, treats all facts alleged in the petition as true, construes all the allegations liberally and in the plaintiff's favor, and then determines if there is any ground upon which the plaintiff may be entitled to relief. *Knapp v. Junior College Dist. of St. Louis County*, 879 S.W.2d 588, 589 (Mo.App.1994).

Defendant Butterfield's motion to dismiss alleged both that Shapiro's claims were not cognizable under Missouri law and that they were barred by the statute of limitations. The trial court did not specify the basis for granting the motion to dismiss.

Count I of Shapiro's petition alleged that Butterfield breached his fiduciary duty toward Shapiro in the following ways: (1) by referring Zeitlin's complaint to the administration; (2) by failing to advise Shapiro of the prudent course; (3) by failing to aid or facilitate an alternative dispute resolution; (4) by publicly revealing confidential information; and (5) by testifying against Shapiro in the NASW hearing.

We find that Shapiro failed to adequately allege that a fiduciary relationship existed between herself and Butterfield. Shapiro cites to no cases in which a fiduciary relationship has been found to exist between a student and a faculty advisor. However, Shapiro claims that she pled the requirements for the establishment of the relationship in accordance with *Emerick v. Mutual Benefit Life Insurance Co.*, 756 S.W.2d 513 (Mo.banc 1988). Those requirements are:

(1) as between parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.

*Id.* at 526–27. The petition, however, contained only bare allegations supporting such a relationship. Such allegations amount to mere conclusions and are insufficient to support the claim. *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 567 (Mo.App. 1992). The motion to dismiss was properly granted as to Count I of the petition.

Count II of the petition alleged that Butterfield breached an alleged contractual duty owed to Shapiro by failing to provide academic guidance regarding her situation at the center and by failing to maintain academic confidence. Again, Shapiro failed to cite any Missouri case law in which a contractual relationship has been found to exist between a student and a professor, nor did her petition plead the requirements for the

finding of a contractual relationship. The essential elements of a contract are: (1) the parties are competent to contract; (2) there is a subject matter; (3) legal consideration; (4) a mutuality of agreement; and (5) a mutuality of obligation. *Douros Realty & Construction Co. v. Kelley Properties, Inc.,* 799 S.W.2d 179, 182 (Mo.App.1990). Shapiro relied upon the school's student handbook as the basis of the contractual relationship. The petition, however, failed to allege any mutual obligations placed upon Shapiro and failed to establish that any legal consideration ran from her to Butterfield. The motion to dismiss was properly granted as to Count II of the petition.

■ Count III of the petition alleged that the NASW "breached its rules, regulations and procedures by failing to afford plaintiff all privileges and rights of membership." The power of a court to review the quasi-judicial actions of a voluntary association is extremely limited. *State ex rel. National Junior College Athletic Association v. Luten,* 492 S.W.2d 404, 407 (Mo.App.1973). Jurisdiction is confined to determining: (1) whether there are inconsistencies between the association charter or rules and the action taken; (2) whether the member has been treated unfairly, i.e. denied notice, hearing, or an opportunity to defend; (3) whether the association's actions were prompted by malice, fraud or collusion; and (4) whether the charter or rules contravene public policy or law. *Id.* at 407.

■ In this case Shapiro alleged that the NASW violated its own procedures with regard to disciplinary actions. The petition alleged six specific violations of the NASW grievance procedures. Having examined the procedures, however, only two of the alleged violations merit any discussion. First, Shapiro argues that Zeitlin's complaint, filed on December 5, 1988, was time barred by § H.4.A.3. of NASW's grievance procedures. That section requires that:

> The alleged unethical behavior complained about came to the complainant's attention no more than sixty days prior to the date the substance of the complaint was made known to the chapter.

The petition, however, failed to allege when the substance of the complaint was first made known to the chapter. As such, Shapiro failed to allege that any clear violation of H.4.A.3. occurred.

The second alleged violation meriting discussion was that the final report sent to Shapiro lacked an appendix in violation of § J–1. That section requires that the report contain an "appendix composed of documents submitted in evidence and cited in the report." The petition, however, fails to allege what, if anything, should have been in such an appendix. As the legal file does not contain a copy of the report, it is not clear if there were any documents which were submitted into evidence and were cited in the report. Furthermore, the petition failed to allege how Shapiro was damaged by this possible clerical error.

Since the petition failed to allege any clear violations of the NASW grievance procedures and there was no indication of any due process violations, malice or fraud, the trial court correctly granted the NASW's motion to dismiss. Point denied.

Judgment is affirmed.

GERALD M. SMITH, P.J., and GARY M. GAERTNER, J., concur.