**John L. BOYER, Plaintiff/Appellant,**

v.

**CITY OF POTOSI, Missouri, Defendant/Respondent.**

**No. ED 77094.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 13, 2000.

---

9. *Id.*

John L. Boyer, Potosi, pro se.

Ryan Scott Shaughnessy, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Plaintiff, John L. Boyer, appeals from the judgment of the trial court granting defendant's, City of Potosi's, motions to strike some allegations and to dismiss others in his petition for administrative review of his impeachment by the City of Potosi's Board of Aldermen. We affirm in part and reverse and remand in part.

## FACTS

John L. Boyer (hereinafter Boyer) was elected mayor of the City of Potosi, Missouri, (hereinafter Potosi) in April 1998. At an open meeting on March 11, 1999, Potosi's Board of Aldermen (hereinafter Board) adopted articles of impeachment for the removal of Boyer from office and scheduled the impeachment hearing for March 23, 1999. Boyer was not present at the March 11 meeting.

At the March 23 impeachment hearing, counsel for Boyer appeared and requested a continuance. The Board granted a continuance until March 29. On March 29, Boyer's counsel again appeared and moved for another continuance. The motion for a continuance was denied and the impeachment hearing was held as scheduled.

At the impeachment hearing, the Board presented the testimony of several witnesses and offered into evidence 33 exhibits. Boyer neither testified at the hearing nor called any witnesses in his defense. He did, however, offer 19 exhibits, which were not provided to Potosi before, during, or after the impeachment hearing.[1] The Board found Boyer guilty of some impeachable offenses, and not guilty of oth-

1. Boyer claims his attorney presented to Potosi 20 exhibits which Potosi accepted. Boyer further claims that the Board could not consider the evidence referred to in the exhibits because the city clerk claimed she never received the exhibits from Boyer's attorney.

ers, as described in the articles of impeachment. The Board removed Boyer from office for misconduct and other good cause. On April 14, 1999, Boyer filed his petition for administrative review in the circuit court of Washington County, alleging that the impeachment was illegal because the Board's impeachment was a rush to judgment in that it was contrary to the advice of the city attorney, the Board ignored the procedures for impeachment prescribed by law, and the Board's decision was not supported by substantial evidence.

Potosi filed motions for more definite statement and to strike. On May 12, 1999, the trial court granted both motions and Boyer was given time to file his first amended petition. On June 1, 1999, Boyer filed his first amended petition. Attached thereto were numerous exhibits which were not attached to Boyer's original petition and which were not offered at the impeachment hearing.

Potosi filed its motions to strike and to dismiss. On November 9, 1999, the circuit court of Ste. Genevieve County ordered stricken paragraphs one through four of Boyer's first amended petition as well as Boyer's exhibits. The court also granted Potosi's motion to dismiss Boyer's amended petition. Boyer appeals from that judgment.

## MOOTNESS

Initially, we consider Potosi's motion to dismiss the appeal on the ground that Boyer's loss of the election for mayor of Potosi during the pendency of the appeal renders the appeal moot because his term of office expired and it is impossible for him to be returned to office.

In *Knapp v. Junior College Dist. of St. Louis County, Mo.,* 879 S.W.2d 588, 590 (Mo.App. E.D.1994), this court addressed the mootness of an appeal in the context of a college student who was suspended from college for the remainder of the fall semester. The college argued that since the student filed her petition for review after the period of suspension had expired, any related claims were moot. *Id.* at 594. This court rejected the college's argument, focusing on the student's prayer which requested, *inter alia,* an order expunging her college record of all evidence concerning the suspension, money damages, attorneys' fees and costs, and an injunction. *Id.* This court found that the student's requests for relief constituted a "continuing valid justiciable controversy." *Id.* Further, this court stated, "Her request for an injunction reversing the suspension was moot because she sued after the suspension period expired, but reference to the suspension remains on her record." *Id.*

■ Similarly, in this action, Boyer prayed for the court to "reverse the decisions of the City of Potosi, by declaring impeachment invalid, ordering defendant to pay all costs, plaintiff's attorney costs, back pay, and such other orders and relief as the court deems proper and just." Thus, Boyer's requests for relief constituted a continuing valid justiciable controversy. Boyer had a continuing interest in having the impeachment declared invalid, whether or not he could be reinstated in office. Potosi's motion to dismiss the appeal as moot is denied.

## JURISDICTION

The threshold issue is whether the trial court acted in excess of its jurisdiction by holding evidentiary hearings outside Washington County without the consent of all the parties. The presiding judge of the Washington County circuit court assigned the case to the circuit court of Ste. Genevieve County. The Ste. Genevieve County court heard the motions to dismiss and to strike and entered judgment thereon.

■ Rule 55.29 provides as follows:

All trials upon the merits shall be conducted in open court and so far as convenient in a regular courtroom. All other acts or proceedings may be done or conducted by a judge in chambers, with-

out the attendance of the clerk or other court officials, and at any place either within or without the county where the action is pending, but no trial or evidentiary hearing, other than an authorized ex parte hearing, shall be conducted outside the county where the case is pending without the consent of all parties affected thereby.

Here, the motions were directed to the sufficiency of the pleadings and the subject matter jurisdiction of the trial court. The motions did not require the introduction of any evidence at the hearing. Under Rule 55.29, the Ste. Genevieve County court had the authority to hear the motions.

### MOTION TO STRIKE

Boyer charges error in the trial court's striking paragraphs one through four of his amended petition and the corresponding exhibits which were attached thereto. Paragraph one of Boyer's amended petition stated that "[t]he Petition for Administrative Review filed April 14, 1999 is hereby incorporated and made part of this amended petition." Paragraphs two, three and four of Boyer's amended petition attacked the impeachment for the reasons, respectively, that the March 11, 1999 special meeting to adopt the articles of impeachment was invalid, an alderman was biased against Boyer, and the Board unlawfully retained the services of the city attorney.

We first address the court's striking paragraphs two through four of Boyer's amended petition. Potosi moved to strike those paragraphs on the basis that Boyer did not raise those allegations before the Board and his failure to exhaust his administrative remedies barred him from relitigating those issues. As a general rule, judicial review of administrative decisions is limited to matters that arose before the administrative agency and deals only with questions of law on the face of the record, and bars consideration of evidence other than that before the agency. *Gore v. Wochner,* 558 S.W.2d 333, 334 (Mo.

App.1977). Section 536.140.4, RSMo (1994), however, provides that a court may hear and consider evidence of alleged irregularities in the proceedings or agency unfairness not shown in the record; but it is discretionary with the trial court as to whether it will hear the additional evidence. *Burgdorf v. Board of Police Com'rs,* 936 S.W.2d 227, 233 (Mo.App. E.D.1996). Here, Boyer's challenges to the procedures used by the Board, to the Board's acting in contravention of the city attorney's advice, and to the bias of one alderman constituted allegations of procedural irregularities and Board unfairness. Yet, these claims were raised for the first time to the trial court instead of to the Board, where remedial action could have been taken. The trial court did not abuse its discretion in striking paragraphs two through four of the amended petition and any exhibits related thereto.

Potosi also moved to strike paragraph one on the ground the original petition was abandoned when the amended petition was filed. An amendment to a pleading abandons any prior pleadings not referred to or incorporated into the new pleading. *Danforth v. Danforth,* 663 S.W.2d 288, 294 (Mo.App.1983). Here, contrary to the Board's assertion, the original pleading was specifically incorporated by reference into the amended petition and thus was not abandoned. Thus, the trial court erred in striking paragraph one of Boyer's original petition because it was specifically incorporated by reference into the amended petition. Yet, Boyer was not prejudiced by the court's ruling. But for the allegation that the decision of the Board was not supported by competent and substantial evidence, the allegations contained in Boyer's original petition were repeated in paragraphs two through four of the amended petition, which the court struck for lack of preservation. In addition, the allegation that the Board's decision was not supported by competent and substantial evidence was repeated elsewhere in the amended petition and addi-

tional facts were pleaded thereunder. Thus, paragraph one of the original petition was redundant. We decline to find reversible error in the absence of prejudice. *See L.J.B. v. L.W.B.*, 921 S.W.2d 23, 27 (Mo.App. E.D.1996).

## MOTION TO DISMISS

■■■ We next address the issue of the propriety of the trial court's dismissal of Boyer's first amended petition. Where, as here, the trial court did not specify its reason for the dismissal, we presume the court based its ruling on the grounds stated in the motion. *Hellmann v. Walsh*, 965 S.W.2d 198, 199 (Mo.App. E.D.1998). In reviewing the dismissal of a plaintiff's action, we treat facts alleged as true and construe all allegations liberally and favorably to the plaintiff. *Id.* We will reverse the trial court's dismissal of a plaintiff's action for failure to state a claim if, after viewing the pleading in its broadest intendment, the allegations invoke principles of substantive law which may entitle a plaintiff to relief. *Id.*

One of the grounds raised in Potosi's motion to dismiss was the court's lack of subject matter jurisdiction because Boyer's amended petition set forth allegations not raised in his original petition. Thus, Potosi alleged the amended petition did not relate back to the original petition and was not timely filed.

■■■ Rule 55.33(c) provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The adoption of Rule 55.33(c) abrogated the "same evidence" and "theory of law" tests in favor of "the conduct, transaction, or occurrence" test. *Koenke v. Eldenburg*, 753 S.W.2d 931, 932 (Mo. banc 1988). The language "conduct, transaction, or occurrence," as used in Rule 55.33(c), is accorded broad and liberal construction. *State*

*ex rel. Stephens v. Henson*, 772 S.W.2d 706, 712 (Mo.App.1989).

In his original petition, Boyer alleged that the Board's decision was not supported by substantial and competent evidence. In his amended petition, Boyer expanded this allegation by furnishing more facts with regard thereto. The allegations in Boyer's first amended petition arose out of the same conduct, transaction, or occurrence set forth in the original petition. The court had subject matter jurisdiction because the amended petition was timely filed. The trial court erred in dismissing the amended petition on that basis.

The second ground asserted by Potosi for dismissal was the failure to state a claim in that Boyer prayed for "back pay," damages which Potosi alleged were not recoverable in an action for administrative review.

■■■ In the instant action, Boyer's prayer for relief in his amended petition asked the court to "reverse the decisions of the City of Potosi, by declaring impeachment invalid, ordering defendant to pay all costs, plaintiff's attorney costs, back pay, and such other orders and relief as the court deems proper and just." It is axiomatic that if the trial court declared Boyer's impeachment to be invalid, then he would be entitled to be paid for the period of time he was wrongfully denied the office of mayor. The trial court erred in dismissing Boyer's amended petition.

## REVIEW OF IMPEACHMENT

■■■ Boyer also raises several claims of error essentially related to whether the Board's decision to impeach was supported by competent and substantial evidence. In granting the motion to dismiss on the grounds proffered by Boyer in his motion to dismiss, the trial court did not reach the issue of whether the Board's decision was supported by competent and substantial evidence on the whole record. Therefore,

we decline to address that issue, because it is not ripe for our review.

## CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded.

MARY K. HOFF, Judge and ROBERT E. CRIST, Senior Judge: Concur