ROBERT G. DOWD, JR., Judge.
TGB, Inc. (TGB) and Stephen Tielke (Tielke) appeal from the trial court’s judgment affirming the decision of the City of St. Louis Board of Building Appeals (Board) which denied Tielke’s application to sit for the Journeyman Sprinkler Fitter Examination. On appeal, TGB and Tielke argue the trial court erred in affirming the decision of the Board because Section P-24.7 of the St. Louis Plumbing Code is unconstitutional as applied to TGB and Tielke. We affirm.
Tielke works at TGB, a general contractor that also performs sprinkler fitter work. Tielke has been a journeyman sprinkler fitter licensed by St. Louis County since approximately January 2002 and has performed sprinkler fitter work for the state and federal governments. Tielke completed a five-year in-house apprenticeship program prior to applying for the St. Louis City sprinkler fitter examination. On December 6, 2002, the City of St. Louis Board of Examiners for Sprinkler System Contractors (Examiners) rejected Tielke’s application to take the Journeyman Sprinkler Fitter Examination. The rejection was based on the fact Tielke had not served a five year apprenticeship as a sprinkler fitter in a Department of Labor approved sprinkler fitter apprenticeship program under the direct supervision of a *341 licensed journeyman sprinkler fitter. Tielke appealed that determination to the Board, which affirmed the decision of the Examiners denying his application to take the examination. The Board ruled that Tielke had not met the requirements of the St. Louis Plumbing Code, Ordinance No. 60826 (Ordinance), Sections P-24.7.1 and P-24.7.2. Section P-24.7.1 states in part:
JOURNEYMAN SPRINKLER SYSTEM: Journeyman Sprinkler Fitters shall have served a five (5) year apprenticeship before they are eligible to apply for a journeyman examination. The examination shall be given by the Board of Examiners.... Upon qualifying, the journeyman will be issued a journeyman license for a three (3) year period, for a fee of ten dollars ($10.00).
Section P-24.7.2 states:
APPRENTICE SPRINKLER FITTERS: Apprentice Sprinkler Fitters shall serve a five (5) year apprenticeship under the direct personal and immediate supervision of a licensed journeyman sprinkler fitter. The apprentice shall register with the plumbing Section and pay a five dollar ($5.00) registration free. The apprentice will be issued an apprenticeship certificate with “apprentice” plainly marked on it, the apprentice’s name and date of issue. Upon completion of the five (5) year training period, the apprentice may make application for the journeyman examination.
TGB and Tielke sought review of the Board’s decision in the Circuit Court of the City of St. Louis by filing their original petition for review. They later filed an amended petition in which they alleged that Section P-24.7 of the Ordinance violates both the due process clauses of the United States and Missouri Constitutions. The trial court rendered its decision affirming the Board’s decision and rejecting the petitioners’ constitutional claims. The trial court held:
Sprinkler fittings are a part of a buildings (sic) fire protection and therefore the correct installation of same are a matter of public health, safety, and welfare. The Court further finds that Petitioners’ constitutional claims to be without merit and are hereby denied. Petitioners’ (sic) have failed to prove by competent and substantial evidence Mr. Tielke’s qualifications to take the examination.
This appeal follows.
In their sole point on appeal, TGB and Tielke argue the trial court erred in affirming the decision of the Board because Section P-24.7 of the St. Louis Plumbing Code is unconstitutional based on violations of the due process clauses of the Missouri and United States Constitutions, as well as violations of the Commerce Clause and Privilege and Immunities Clause of the United States Constitution.
Normally, we review the findings of the administrative agency, not that of the Circuit Court, and we decide questions of law de novo. City of Cabool v. Missouri. State Bd. of Mediation, 689 S.W.2d 51, 53-54 (Mo. banc 1985). However, TGB and Tielke do not challenge the administrative agency’s determination that he did not possess the qualifications required by Section P-24.7. Rather, they challenge the validity of Section P-24.7 itself.
Initially, we address whether the constitutional issues were properly preserved for review. The City of St. Louis (City), Board, and Examiners argue the constitutional issues were not properly preserved.
The constitutionality of an ordinance is within the permissible scope of judicial review of an administrative decision. Section 536.140.2(1), RSMo 2000; Bezayiff v. City of St. Louis, 963 S.W.2d 225, 230 (Mo.App. E.D.1997). However, there are four mandatory prerequisites to *342 preserving a constitutional issue for review after an administrative decision. The party challenging the constitutionality of an ordinance or a statute must: 1) raise the question at the first opportunity; 2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; 3) state facts showing such violation; and 4) preserve the constitutional question throughout for appellate review. Bezayiff, 963 S.W.2d at 230. Constitutional arguments that are not asserted in a petition for review to the circuit court are not preserved for appeal. Callier v. Director of Revenue, State of Mo., 780 S.W.2d 639, 641 (Mo. banc 1989).
Here, while the due process arguments were first raised in the amended petition, the Commerce Clause and Privileges and Immunities Clause arguments were not raised until this appeal. The amended petition only discusses violations of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution. A party must designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself in order to raise properly a constitutional question. Bezayiff, 963 S.W.2d at 230. TGB and Tielke faded to specifically invoke either the Commerce Clause or the Privileges and Immunities Clause in their amended petition. Only in TGB’s and Tielke’s appellate brief are the arguments based on either of these clauses first introduced. TGB’s and Tielke’s claims associated with the Commerce Clause and the Privileges and Immunities Clause were never raised before the trial court and therefore appellate review is not proper here. Id.
While TGB and Tielke properly raised them due process arguments in their amended petition,[1] their claims still fail. The Due Process Clause is broad in application and “permits great latitude” to a city to regulate professions. Missouri Dental Bd. v. Alexander, 628 S.W.2d 646, 650 (Mo. banc 1982). This is especially true where the general nature of the business is such that, unless regulated, many people may be exposed to hazards against which the legislature can properly protect them. ABC Liquidators, Inc. v. Kansas City, 322 S.W.2d 876, 883 (Mo. banc 1959). The test used to decide the validity of a state’s police power is one of reasonableness. Missouri Dental Bd., 628 S.W.2d at 650. “The exercise of police power will be upheld if any state of facts either known or which could be reasonably assumed afford support for it.” Id. (quoting Caesar’s Health Club v. St. Louis County, 565 S.W.2d 783, 786 (Mo.App.1978)). Ordinances regulating plumbing and the licensing of plumbers have been found to fall within a city’s legitimate exercise of police power in the area of public health and safety. Eastern Missouri Laborers’ Dist. Council v. City of St. Louis, 5 S.W.3d 600, 604 (Mo.App. E.D.1999)(City could require private contractors to secure plumbing permit before installing public water mains and requirement did not violate due process or equal protection).
*343 Section P-24.7, though not specifically pertaining to plumbing, is within the St. Louis Plumbing Code; therefore, the sprinkler fitter occupation is technically part of the plumbing business. Sprinkler fittings are an integral part of a budding’s fire protection. Thus, the City has an interest in maintaining a standard of fire safety in order to protect its residents. It is reasonable for the City to have certain testing and licensing measures in place to ensure that all people working in this field adhere to the same standards. We find Section P-24.7 is not unconstitutional.
Judgment affirmed.
PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.

. Respondents argue that because constitutional arguments must be pleaded at the first available opportunity, TGB and Tielke should have raised their constitutional arguments in their original petition. We disagree. Whenever a claim or defense asserted in an amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. Boyer v. City of Potosi, 38 S.W.3d 430 (Mo.App. E.D.2000); Rule 55.33(c).